IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA, CENTRAL DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO.  4:22-cv-00037 |
| v. | ) ) | C O M P L A I N T |
| WALMART INC., AND WAL-MART STORES EAST, LP | ) ) ) | JURY TRIAL DEMAND |
| Defendants. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices on the bases of sex and race and to provide appropriate relief to Tiffanee Johnson ("Johnson").  As alleged with greater particularity below, Defendants Walmart Inc. and Wal-Mart Stores East, LP (collectively "Walmart") discriminated against Johnson on the basis of sex by failing to promote her because of her sex, specifically her recent childbirth and/or based on stereotypes about women with small children at home.  Walmart also discriminated against Johnson, who is Black, on the basis of her race when it provided her an unsanitary storage closet in which to express breast milk, a space that was inferior to the clean office space it provided to a white employee for the same purpose.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Iowa.

PARTIES

3.     Plaintiff Equal Employment Opportunity Commission (the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.     At all relevant times, Walmart Inc. has continuously been a Delaware corporation doing business in the State of Iowa and the City of Ottumwa.

5.     At all relevant times, Walmart Inc. has continuously had at least 15 employees.

6.     At all relevant times, Walmart Inc. has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7.     At all relevant times, Wal-Mart Stores East, LP has continuously been a Delaware limited partnership doing business in the State of Iowa and the City of Ottumwa.

8.     At all relevant times, Wal-Mart Stores East, LP has continuously had at least 15 employees.

9.     At all relevant times, Wal-Mart Stores East, LP has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

ADMINISTRATIVE PROCEDURES

10.     More than thirty days prior to the institution of this lawsuit, a charge was filed with the Commission alleging violations of Title VII by Walmart.

11.     On August 20, 2019, the Commission issued to Walmart a Letter of Determination finding reasonable cause to believe that Walmart violated Title VII by denying her promotion based on sex, and subjecting her to different terms and conditions of employment when she was provided an inferior space for expressing breastmilk based on race.

12.     The Commission invited Walmart to engage in informal conciliation efforts to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

13.     The Commission engaged in communications with Walmart to provide Walmart the opportunity to remedy the discriminatory acts described in the Letter of Determination.

14.     The Commission was unable to secure from Walmart a conciliation agreement acceptable to the Commission.

15.     On July 26, 2021, the Commission issued to Walmart a Notice of Failure of Conciliation.

16.     All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

17.     Beginning on or about January 2018, Walmart engaged in unlawful employment practices at its Ottumwa, Iowa store, in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2(a), by failing to promote Johnson on the basis of sex:

(a)     Johnson was an employee of Walmart starting in 2014.

(b)     From October 2017 through January 2018, Johnson was on maternity leave after the birth of her child.

(c)     Johnson applied for a pet department manager position in February 2018 after she passed the manager's test and Walmart managers encouraged her to apply for a department manager position.

3

(d)     Johnson was interviewed for the pet department manager position by
        assistant manager Kendra Moulton.

(e)     Defendant did not select Johnson for the promotion to pet department
        manager.

(f)     When Johnson asked Moulton why she was not selected for the
        promotion, Moulton told her that the decisionmakers wanted to promote
        someone who they thought would stay with the company long-term and
        eventually seek a further promotion to assistant manager, and that the
        decisionmakers did not think Johnson wanted those things because she had
        small children at home.

(g)     Johnson had at least three more years of experience working at Walmart
        than the person who was promoted to the pet department manager
        position.

(h)     The person who was promoted did not have small children at home.

(i)     Walmart's decision not to promote Johnson was based on her recent
        childbirth and/or an assumption that working women with small children
        will not stay in the workforce long-term and/or seek further promotion.

18.     Beginning on or about January 2018, Walmart engaged in unlawful employment
practices at its Ottumwa, Iowa store, in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-
2(a), by subjecting Johnson to different terms and conditions of employment based on race:

(a)     When Johnson returned to work after her maternity leave, she asked
        Walmart to provide her a place to express breast milk.

(b)     Walmart provided her a storage closet in which to express breast milk,

which was a cluttered and dirty closet that had dead bugs on the floor.

(c)     The storage closet Walmart provided Johnson was inferior to the clean

management office that Walmart previously provided to a white employee

for the same purpose.

(d)     The reasons Walmart offered for assigning Johnson an inferior pumping

space are pretextual because they are contradicted by Walmart's own

policies on support for breastfeeding mothers.

19.     The effect of the practices complained of above has been to deprive Johnson of

equal employment opportunities and otherwise adversely affect her status as an employee,

because of her race and sex.

20.     The unlawful employment practices complained of above were intentional.

21.     The unlawful employment practices complained of above were done with malice

or with reckless indifference to the federally protected rights of Johnson.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Walmart, its officers, agents, servants,

employees, attorneys, and all persons in active concert or participation with it, from engaging in

any employment practice that discriminates based on race or sex;

B.     Order Walmart to institute and carry out policies, practices, and programs which

provide equal employment opportunities for its employees regardless of sex or race, and which

eradicate the effects of its past and present unlawful employment practices;

C.      Order Walmart to make whole Johnson, by providing appropriate backpay and prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D.      Order Walmart to make Johnson whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.      Order Walmart to make whole Johnson by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including (but not limited to) emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Order Walmart to pay Johnson punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint that do not relate solely to equitable relief.

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN REAMS
Associate General Counsel
U.S. Equal Employment Opportunity
Commission
131 M. Street, N.E.
Washington, D.C. 20507

6

Gregory Gochanour
Regional Attorney

Justin Mulaire
Supervisory Trial Attorney

*s/Kelly Bunch*
Kelly Bunch (IL # 6323195)
Trial Attorney

U.S. Equal Employment Opportunity
Commission
Chicago District Office
230 S. Dearborn Street - Suite 2920
Chicago, IL  60604
*Telephone*:   (312) 872-9704
*E-mail*:        justin.mulaire@eeoc.gov
*E-mail*:        kelly.bunch@eeoc.gov


*s/Hannah Henkel*
Hannah Henkel (# 6324037)
Trial Attorney
U.S. Equal Employment Opportunity
Commission
Reuss Federal Plaza
310 West Wisconsin Avenue, Suite 500
Milwaukee, WI 53203
*Telephone*:   (414) 662-3680
*E-mail*:        hannah.henkel@eeoc.gov