# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., and WAL-MART STORES EAST, LP,<br><br>Defendants. | CASE NO. 4:22-cv-00037-SMR-SBJ<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** |

Defendants, Walmart Inc. and Wal-Mart Stores East, LP (collectively "Walmart" or "Defendants"), answer Plaintiff U.S. Equal Employment Opportunity Commission's ("EEOC" or "Plaintiff") Complaint paragraph by paragraph as follows below:

## Nature of the Action

Defendants admit that Plaintiff purports to bring this action under Title VII of the Civil Rights Act of 1964, but deny the remaining paragraph under the "Nature of the Action" heading and specifically denies that they engaged in any unlawful employment practices or otherwise discriminated against Tiffanee Johnson ("Johnson").

## Jurisdiction and Venue

1. Paragraph No. 1 calls for a legal conclusion to which no response is required, and therefore Defendants deny the same. Nonetheless, Defendants do not challenge this Court's jurisdiction.

2. Paragraph No. 2 calls for a legal conclusion to which no response is required and therefore Defendants deny the same. Defendants specifically deny that

they engaged in any unlawful employment practices alleged in Plaintiff's Complaint. Nonetheless, Defendants do not challenge this Court's jurisdiction.

## Parties

3. Paragraph No. 3 calls for a legal conclusion to which no response is required, and therefore Defendants deny the same.

4. Defendants admit the allegations in Paragraph No. 4.

5. Defendants admit the allegations in Paragraph No. 5.

6. Paragraph 6 calls for a legal conclusion to which no response is required, and therefore Defendants deny the same.

7. Defendants admit the allegations in Paragraph No. 7.

8. Defendants admit the allegations in Paragraph No. 8.

9. Paragraph 9 calls for a legal conclusion to which no response is required, and therefore Defendants deny the same.

## Administrative Procedures

10. Defendants admit the allegations in Paragraph No. 10 but deny that any violations of Title VII occurred.

11. Defendants admit the allegations in Paragraph No. 11 but deny that any violations of Title VII occurred.

12. Defendants admit the allegations in Paragraph No. 12 in that they were invited to conciliation, but deny the remaining allegations in Paragraph No. 12. Defendants further deny that any unlawful employment practices occurred.

13. Defendants are without sufficient information to admit or deny the allegations in Paragraph No. 13, and therefore deny them. Defendants further deny that any "discriminatory acts" occurred.

14. Defendants are without sufficient information to admit or deny the allegations in Paragraph No. 14, and therefore deny them.

15. Defendants admit the allegations in Paragraph No. 15.

16. Defendants are without sufficient information to admit or deny the allegations in Paragraph No. 16, and therefore deny them.

## Statement of Claims

17. Defendants deny the allegations in Paragraph No. 17 as a whole, and specifically respond to each subpart as follows:

    a. Defendants admit the allegations in Paragraph No. 17(a) as Johnson began employment with Walmart on June 27, 2014.

    b. Defendants admit the allegations in Paragraph No. 17(b).

    c. Defendants are without sufficient information to admit or deny the allegations in Paragraph No. 17(c) and therefore deny them.

    d. Defendants are without sufficient information to admit or deny the allegations in Paragraph No. 17(d) and therefore deny them.

    e. Defendants admit that they selected two other individuals to fill two of the six positions that Johnson expressed interest in, but deny the remaining allegations in Paragraph No. 17(e).

    f. Defendants deny the allegations in Paragraph No. 17(f)

    g. Defendants deny the allegations in Paragraph No. 17(g).

   h. Defendants are without sufficient information to admit or deny the allegations in Paragraph No. 17(h), and therefore deny them.

   i. Defendants deny the allegations in Paragraph No. 17(i).

18. Defendants deny the allegations in Paragraph No. 18 as a whole, and specifically respond to each subpart as follows:

   a. Defendants admit the allegations in Paragraph No. 18(a).

   b. Defendants admit that they provided Johnson with a private room with no video cameras that she could use to express breast milk, but deny the remaining allegations in Paragraph No. 18(b).

   c. Defendants deny the allegations contained in Paragraph No. 18(c).

   d. Defendants deny the allegations contained in Paragraph No. 18(d).

19. Defendants deny the allegations in Paragraph No. 19.

20. Defendants deny the allegations in Paragraph No. 20.

21. Defendants deny the allegations in Paragraph No. 21.

22. Defendants deny that Plaintiff is entitled to any award for alleged damages contained in the "Prayer for Relief" clause following Paragraph No. 21, including all subparts thereto.

WHEREFORE, Defendants request that the Court dismiss Plaintiff's Complaint with prejudice at Plaintiff's cost and award Defendants their costs and attorneys' fees incurred in defending this matter.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any elements that already legally belong to Plaintiff, Defendants assert the following Affirmative Defenses:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff and Johnson have suffered no damages and/or have failed to properly mitigate its/her damages, if any.

3. Plaintiff's claims are barred by the doctrine of after-acquired evidence.

4. Plaintiff's claims are barred by the doctrines of laches, waiver, estoppel, acquiescence, consent and/or unclean hands.

5. If Plaintiff establishes by a preponderance of the evidence that Defendants' actions towards Johnson were based on an unlawful motive, Defendants would have taken the same action despite any such unlawful motive.

6. Plaintiff's claims are barred by the statute of limitations and/or failure to exhaust administrative remedies.

7. Plaintiff's claims are barred because any harm or damages sustained were caused by Johnson's own actions and decisions.

8. Defendants have made good faith efforts to prevent discrimination in their workplace and cannot be liable for decisions of its agents, if any, or for punitive damages or liquidated damages, to the extent the challenged employment decision was contrary to its good faith efforts to comply with anti-discrimination statutes.

9. The imposition of punitive or liquidated damages would violate the United States Constitution and Iowa Constitution because: (1) the standard of liability for liquidated or punitive damages is inadequate, unduly vague and subjective, permitting random, arbitrary, capricious, excessive and/or disproportionate punishment that serves no legitimate governmental interest; and (b) there are not adequate standards and procedures for reviewing awards of punitive damages.

10. Defendants reserve the right to assert additional affirmative defenses or defenses of which they become knowledgeable during the course of discovery.

Dated this 12th day of April 2022.

WALMART INC., and WAL-MART STORES EAST, LP, Defendants,

By: /s/ Heidi A. Guttau
Heidi A. Guttau (IA# 15513)
ICIS #AT0003021
Christopher R. Hedican (IA# 16099)
of   BAIRD HOLM LLP
1700 Farnam St, Ste 1500
Omaha, NE  68102-2068
Phone: 402-344-0500
Facsimile:  402-344-0588
hguttau@bairdholm.com
chedican@bairdholm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of April 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Kelly Bunch | Kelly.bunch@eeoc.gov |
| Justin Mulaire | Justin.mulaire@eeoc.gov |
| Hannah Henkel | Hannah.henkel@eeoc.gov |

And I hereby do certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

None.

/s/ Heidi A. Guttau

DOCS/2780919.1