# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>WALMART INC. and WAL-MART STORES EAST, LP,<br><br>    Defendants. | CASE NO. 4:22-cv-00037-SMR-SBJ |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## **TABLE OF CONTENTS**

Table of Authorities ................................................................................................................. i

I.      Introduction .................................................................................................................. 1

II.     Standard of Review ...................................................................................................... 1

III.    Legal Argument and Authorities .................................................................................. 1

      A.      The EEOC Cannot Prove a Claim of Sex Discrimination ........................... 2

      B.      The EEOC Cannot Prove a Claim of "Sex Plus" Discrimination ............... 3

V.     Conclusion .................................................................................................................. 15

**TABLE OF AUTHORITIES**

**Cases**

*Armstrong v. Systems Unlimited, Inc.*, 2002 WL 31995357 *1, 5 (N.D. Iowa 2002) ........ 8

*Battino v. Redi-Carpet Sales of Utah, LLC*, 2021 WL 4144974 (10th Cir. 2021) .............. 3

*Bonini v. Florida Dept of Corrections*, 2019 WL 5112257 (M.D. Fla. 2019) ................... 12

*Bostock v. Clayton Cty., Georgia*, 140 S. Ct. 1731, 1741 (2020) ............................ 4, 5, 6

*Catala-Torres v. LifeLink Found., Inc.*, 2022 WL 1620304 (D.P.R. 2022) ....................... 3

*Cunningham v. Autozoners, LLC*, 2013 WL 6008566 (S.D. Ala. 2013) ........................... 9

*Doucette v. Morrison Co., MN*, 763 F.3d 978 (8th Cir. 2014) ........................................... 7

*Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038 (10th Cir. 2020) ............... 4

*Frieze v. Boatmen's Bank of Belton,* 950 F.2d 538, 541–42 (8th Cir. 1991).................. 13

*Gregory v. City of Rogers, Ark.*, 974 F.2d 1006, 1010 (8th Cir. 1992)............................. 1

*Hanger v. Lake County*, 390 F.3d 579, 582 (8th Cir. 2004)............................................. 1

*Jackson v. UPS, Inc.*, 643 F.3d 1081 (8th Cir. 2011) ....................................................... 3

*Johnston v. U.S. Bank Nat'l Ass'n*, 08-cv-296 (PJS/RLE), 2009 WL 2900352, at *8 (D. Minn. Sept. 2, 2009) ................................................................................................ 5, 11

*Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012)........................... 12

*Keiran v. Home Cap., Inc.*, 858 F.3d 1127, 1132 (8th Cir. 2017) .................................. 13

*Knott v. Missouri Pac. R.R. Co.*, 527 F.2d 1249, 1250 (8th Cir. 1975) ........................... 5

*Kobrin v. Univ. of Minnesota,* 121 F.3d 408, 411 (8th Cir.1997)..................................... 9

*Kratzer v. Rockwell Collins, Inc.*, 398 F.3d 1040, 1044 (8th Cir. 2005) .......................... 2

*Krolikowski v. Richman Gordman 1/2 Price Stores*, 38 F. Supp. 2d 797, 801-02 (D. Neb. 1999) .................................................................................................................. 8

*Kunferman v. Ford Motor Co.*, 112 F.3d 962, 966 (8th Cir. 1997) ................................. 14

*Malark v. RBC Capital Markets, LLC*, 2020 WL 6064508 *1, 11 (D. Minn. 2020).... 4, 5, 6

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)............................................ 2, 4

*Miller v. Jefferson Bd. of Educ.*, 2014 WL 769632 (N.D. Ala. 2014)................................. 9

*Nelson v. J.C. Penney Co.*, 75 F.3d 343, 346-47 (8th Cir. 1996) ................................... 14

*Osterag v. Historic Theater Group, Ltd,* 221 F.3d 1343 (8th Cir. 2000)............................ 9

*Phillips v. Martin Marietta Corp.*, 400 U.S. 542, 544 (1971) ............................................ 5

*Roberts v. U.S. Postmaster General,* 947 F. Supp. 282, 288 (E.D. Tex. 1996)............... 3

*Rose–Maston v. NME Hosps., Inc.,* 133 F.3d 1104, 1110 (8th Cir.1998)......................... 9

*Russell v. City of Kansas City, Mo.*, 414 F.3d 863, 866 (8th Cir. 2005).......................... 2

*Shannon v. Ford Motor Co.,* 72 F.3d 678, 682 (8th Cir.1996) ......................................... 3

*Shazor v. Prof'l Mgmt., Ltd.*, 744 F.3d 948, 958 (6th Cir. 2014) ....................................... 5

*Smith v. Golden China of Red Wing, Inc.*, 987 F.3d 1205, 1209 (8th Cir. 2021) ........... 13

*Springer v. Convergys Customer Mgt Group Inc.*, 509 F.3d 1344 (11th Cir. 2007).......... 9

*Thomas v. CVS/Pharmacy*, 2009 WL 1956256 *1, 2 (11th Cir. 2009)....................... 9, 10

*Torgerson v. City of Rochester*, 643 F.3d 1031, 1046 (8th Cir. 2011)....................... 4, 14

*Toussaint v. NY Dialysis Servs., Inc.*, 230 F. Supp.3d 198, 212-213 (S.D.N.Y. 2017) .... 3

*Twymon v. Wells Fargo & Co.*, 462 F.3d 925, 935 (8th Cir. 2006) ................................ 10

*Zaben v. Air Products & Chem., Inc.*, 129 F.3d 1453, 1455 (11th Cir. 1997) ................ 12

## I.    INTRODUCTION

Defendants Walmart Inc. and Wal-Mart Stores East, LP (hereinafter collectively "Walmart") did not promote Tiffanee Johnson ("Johnson") to a Consumables Department Manager position because she was not the most qualified candidate. Plaintiff U.S. Equal Employment Opportunity Commission's ("EEOC") claim that she was discriminated against because of her sex or because of her sex-plus discrimination claim of having small children is baseless and refuted by all of the evidence. The undisputed facts demonstrate that no reasonable jury could conclude that Defendants discriminated against Johnson. Accordingly, the Court should grant Defendants summary judgment and dismiss the EEOC's lawsuit.

## II.    STANDARD OF REVIEW

Summary judgment "is appropriate when the evidence viewed in the light most favorable to the nonmoving party, demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Hanger v. Lake County*, 390 F.3d 579, 582 (8th Cir. 2004). To survive a motion for summary judgment, the plaintiff must substantiate her allegations with "'sufficient probative evidence [that] would permit a finding in [her] favor on more than mere speculation, conjecture, or fantasy.'" *Gregory v. City of Rogers, Ark.*, 974 F.2d 1006, 1010 (8th Cir. 1992) (quotation omitted), *cert. denied*, 507 U.S. 913 (1993). There are no genuine issues of material fact in this case, and Walmart is entitled to judgment as a matter of law.

## III.    LEGAL ARGUMENT AND AUTHORITIES

Plaintiff EEOC alleges that Walmart "discriminated against Johnson on the basis of sex by failing to promote her because of her sex, specifically because of her recent

1

childbirth and/or based on stereotypes about women with small children at home" (Ex. 12, Complaint at p. 1, App. 090).[1]  For its statement of the claim, the EEOC alleges that "Walmart engaged in unlawful employment practices at its Ottumwa, Iowa store, in violation of [Title VII], by failing to promote Johnson the basis of sex…." (Ex. 12, Complaint at p. 3, App. 092).  The EEOC alleges that "Walmart's decision not to promote Johnson was based on her recent childbirth and/or an assumption that working women with small children will not stay in the workforce long-term and/or seek further promotion" (Ex. 12, Complaint at p. 4, App. 093.  Therefore, although not entirely or expressly clear from the Complaint, EEOC appears to be alleging not just sex discrimination, but rather a "sex-plus" discrimination claim.  Walmart addresses the claims below - whether a sex discrimination claim or sex-plus discrimination claim - and both fail as a matter of law.

Under either claim, because the EEOC points to no direct evidence of discrimination based on sex,[2] its claims must be analyzed under the *McDonnell Douglas* burden-shifting framework.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Kratzer v. Rockwell Collins, Inc.*, 398 F.3d 1040, 1044 (8th Cir. 2005).

**A.     THE EEOC CANNOT PROVE A CLAIM OF SEX DISCRIMINATION WHERE WALMART SELECTED A FEMALE APPLICANT AS THE CONSUMABLES DEPARTMENT MANAGER.**

To establish a *prima facie* case of sex discrimination in a failure-to-promote claim, a plaintiff must prove that: "(1) she is a member of a protected group; (2) she was qualified

---

[1] Plaintiff EEOC also originally brought a claim for race discrimination in the provision of a pumping space but voluntarily dismissed that claim on March 21, 2023, leaving only the promotion claim (Filing No. 28).
[2] Direct evidence entails "a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action." *Russell v. City of Kansas City, Mo.*, 414 F.3d 863, 866 (8th Cir. 2005) (quotation omitted).  EEOC has no direct evidence of sex-based discrimination here where a female was indeed promoted to the position sought by Johnson.

and applied for a promotion to an available position; (3) she was rejected; and (4) similarly situated employees, not part of the protected group, were promoted instead." *Jackson v. UPS, Inc.*, 643 F.3d 1081 (8th Cir. 2011) (*citing Shannon v. Ford Motor Co.,* 72 F.3d 678, 682 (8th Cir.1996)); *King v. Allen Mem. Hosp. Corp.*, 2012 WL 6705826 (N.D. Iowa 2012). Where, as here, another female candidate was promoted instead of Johnson, the EEOC cannot satisfy the fourth element as a matter of law and any claim of sex discrimination alone must be dismissed. *Toussaint v. NY Dialysis Servs., Inc.*, 230 F. Supp.3d 198, 212-213 (S.D.N.Y. 2017) (explaining a plaintiff cannot establish a *prima facie* case where the comparators were in the plaintiff's same protected class).[3]

**B.   THE EEOC CANNOT PROVE A CLAIM OF "SEX-PLUS" DISCRIMINATION AS A MATTER OF LAW.**

   **1.   "Having small children" is not a protected class under Title VII.**

"Women with children" is not a protected class under Title VII. *Roberts v. U.S. Postmaster General,* 947 F. Supp. 282, 288 (E.D. Tex. 1996). *See also, Catala-Torres v. LifeLink Found., Inc.*, 2022 WL 1620304 (D.P.R. 2022) (explaining that "being from a rural community, alongside being married or a mother to a minor child, is not a protected class."); *Battino v. Redi-Carpet Sales of Utah, LLC*, 2021 WL 4144974 (10th Cir. 2021) (childcare does not fall within Title VII's prohibition of discrimination). Therefore, the EEOC would have to prove a "sex-plus" claim.

---

[3] Even if the EEOC could satisfy the *prima facie* elements, which it cannot do, Walmart is entitled to summary judgment because it had legitimate nondiscriminatory reasons to select Hunt over Johnson for the Consumables Department Manager position which the EEOC cannot prove was pretextual. *See* Parts 3 and 4, *infra*.

3

### 2. The EEOC cannot satisfy the *prima facie* elements.

A "sex-plus" discrimination claim involves a contention that an individual was discriminated against based on their sex *plus* another characteristic, and must still satisfy the *McDonnell Douglas* burden-shifting analysis set forth above. *Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038 (10th Cir. 2020); *Malark v. RBC Capital Markets, LLC*, 2020 WL 6064508 *1, 11 (D. Minn. 2020) (setting forth the fourth element as "circumstances giving rise to an inference of discrimination"). If plaintiff establishes the *prima facie* elements, the employer then "bears the 'non-onerous' burden of production to offer a legitimate, nondiscriminatory … reason…." *Id.* Once produced, "the burden of proof then shifts back to the plaintiff to show that the defendant's reason for the employment action was a pretext for intentional discrimination…. At all times, the burden of proving that the employer's conduct was because of unlawful intent remains with the plaintiff." *Malark*, 2020 WL 6064508 at *11 (*citing Torgerson v. City of Rochester*, 643 F.3d 1031, 1046 (8th Cir. 2011)).

Following the Supreme Court's recent decision in *Bostock v. Clayton Cty, GA*, 140 S. Ct. 1731 (2020), courts have explained that "a female sex-plus plaintiff must show that her employer treated her **<u>unfavorably relative to a male employee who also shares the 'plus-' characteristic….</u>**" *Malark*, 2020 WL 6064508 at *11 (D. Minn. 2020) (emphasis added) (*citing Frappied*, 966 F.3d at 1047). "[S]ex-plus plaintiffs must still specify the 'plus-' characteristic on which they premise their claims" to allow a court "to assess whether an employer discriminated against a sex-plus plaintiff relative to an **employee of the opposite sex who <u>shares</u> the 'plus-' characteristic**. *Id*. (emphasis added). That cannot be shown here in any way because as to the Consumables

Department Manager position, neither Johnson nor the EEOC can point to any **_male employee with children_** who was treated more favorably than Johnson. In fact, to the contrary, Johnson advanced further in the promotional process for that position **_over_** both males with children and males without children. Therefore, the *prima facie* elements cannot be met. *Nathan v. Takeda Pharm. Am., Inc.*, 890 F. Supp.2d 629 (E.D.Va. 2012) (comparator is required for sex plus claim).

In *Malark*, the plaintiff claimed, like here, that she was discriminated against based on her "sex-plus" having children. The *Malark* court, in rejecting her claim and granting summary judgment to her employer, explained the sex-plus children analysis in detail as follows:

> Sex-plus discrimination occurs when an employer takes adverse action against an employee because of both the employee's sex and another immutable characteristic, though neither statute prohibits discrimination based on the additional characteristic alone. *See Phillips v. Martin Marietta Corp.*, 400 U.S. 542, 544 (1971) (per curiam); *Knott v. Missouri Pac. R.R. Co.*, 527 F.2d 1249, 1250 (8th Cir. 1975) ("'Sex-plus' discrimination occurs when employees are classified on the basis of sex plus one other seemingly neutral characteristic.")…*see Johnston v. U.S. Bank Nat'l Ass'n*, 08-cv-296 (PJS/RLE), 2009 WL 2900352, at *8 (D. Minn. Sept. 2, 2009) ("Sex-plus discrimination must, however, be discrimination *based on sex*."). For example, "an employer commits sex-plus discrimination if it treats men with children better than women with children—and this is true even if the employer does not treat women *without* children any worse than men without children (or, for that matter, any worse than men with children)." *Johnston*, 2009 WL 2900352, at *8 (considering a sex-plus-parental-status claim under the MHRA)…."But an employer who treats *everyone* with children poorly does not commit sex-plus discrimination" because the employer "is not treating women worse than men," only "men and women with children worse than men and women without children." *Johnston*, 2009 WL 2900352, at *8. Though courts historically have required sex-plus plaintiffs "to show unfavorable treatment as compared to a matching subcategory of the opposite sex," *see Shazor v. Prof'l Mgmt., Ltd.*, 744 F.3d 948, 958 (6th Cir. 2014), the United States Supreme Court recently held in *Bostock v. Clayton Cty., Georgia*, 140 S. Ct. 1731, 1741 (2020), that the employment discrimination inquiry is an individual one.

5

*Malark* at *14-15.  The *Malark* court went on to explain that the Tenth Circuit, "the only circuit court to address sex-plus discrimination post-*Bostock*, has held that 'a female sex-plus plaintiff must show that her employer treated her unfavorably relative to a male employee who also shares the 'plus-' characteristic,' but 'does not need to show discrimination against a subclass of men[.]'"  *Id (citing Frappied*, 966 F.3d at 1047 (10th Cir. 2020)).

The Tenth Circuit specifically held that "Title VII prohibits sex-plus discrimination even when the "plus-" characteristic is not itself protected….  But when the "plus-" characteristic is not itself protected [such as having children], sex-plus discrimination claims **must be premised on sex alone**."  *Frappied*, 966 F.3d at 1046.  The Tenth Circuit has explained:

> Title VII contemplates [sex]-plus claims because when one proceeds to cancel out the common characteristics of the two classes being compared (e.g., married men and married women), as one would do in solving an algebraic equation, the cancelled-out element proves to be that of married status, and <u>sex remains the only operative factor in the equation</u>.

*Id.* (emphases in original) (alteration, citation, and quotation omitted).  Accordingly, in the present circumstances the sex-plus claim is two classes being compared – women with small children and men with small children.  Here, the required element of having small children is cancelled out.  As a result, sex remains the operative factor in the equation – the factor that the plaintiff must prove was the basis of discrimination.  In other words, the EEOC would still have to show that Walmart treated men with small children better than Johnson, a woman with small children.  As set forth in the Statement of Facts and herein, the record is devoid of any such evidence (and in fact contradicts such a claim).

Thus, as the Tenth Circuit explained, "like any other sex-plus plaintiff, a sex-plus-

6

age plaintiff must show unfavorable treatment relative to an employee of the opposite sex who also shares the "plus-" characteristic. For the female sex-plus-age plaintiffs in this case, the relevant comparator would be an older man." *Id.* And, "[a]lthough we no longer require sex-plus plaintiffs to show discrimination targeting a particular subclass, sex-plus plaintiffs must still specify the "plus-" characteristic on which they premise their claims. Such specificity is necessary for a court to assess whether an employer discriminated against a sex-plus plaintiff **relative to an employee of the opposite sex who shares the "plus-" characteristic**." *Id.* (emphasis added). *See also Doucette v. Morrison Co., MN*, 763 F.3d 978 (8th Cir. 2014) (concluding that plaintiff had not presented evidence that the two older male co-worker comparators were treated more favorably and thus her sex-plus age claim failed).

In the present case, the EEOC cannot satisfy this *prima facie* element because there is no evidence of any males with small children who were treated more favorably than Johnson. The EEOC cannot show that Johnson was treated worse than any men with small children. First, Johnson and two other females were chosen to advance in the hiring process for interviews over all males, including any males with small children, and ultimately the position went to a female. (Ex. 7, Mouton Depo. 107:21-108:2, App. 063; Ex. 15, App. 103. Therefore, no males with small children were treated more favorably than Johnson in regard to the Consumables Department Manager position.

Second, Johnson admitted that she could not identify *any* male employees who were treated more favorably than her, let alone any with small children or babies (Ex. 4, 123:5-124:7), App. 032). Third, even assuming for argument's sake that Hemsley was a decision maker here as the EEOC will insist, in the three years surrounding this time

7

period, Hemsley was the decision maker in three promotions – two were given to men with no small children and one was given to Hunt, a woman with no small children. (Ex. 23, Hemsley Dec., App. 124; Ex. 18, Elrod Dec. ¶ 10, App. 110). Thus, no matter how the EEOC wants to spin it, this claim fails because it cannot prove that Johnson was treated "**_unfavorably relative to a male employee who also shares the 'plus-' characteristic_**" of having small children. *Malark*, 2020 WL 6064508 at *11; *Frappied*, 966 F.3d at 1047.

The law requires that the EEOC show that Walmart treated other, similarly situated male employees more favorably. *Krolikowski v. Richman Gordman 1/2 Price Stores*, 38 F. Supp. 2d 797, 801-02 (D. Neb. 1999) (failing to establish comparators were treated more favorably is fatal to plaintiff's discrimination claim). This it cannot do, and it is fatal to the EEOC's claim. *Armstrong v. Systems Unlimited, Inc.*, 2002 WL 31995357 *1, 5 (N.D. Iowa 2002) (plaintiff's discrimination claim failed where she could identify no similarly-situated comparators treated differently).

Accordingly, the Court should dismiss the EEOC's claim on this basis alone as it cannot establish its *prima facie* case.

### 3. Walmart had legitimate nondiscriminatory reasons to choose Hunt for the promotion.

Even assuming, for argument's sake, that the EEOC could satisfy the *prima facie* elements for a claim of sex-plus discrimination (which it cannot do), the Court should still dismiss the claim because Walmart had legitimate nondiscriminatory reasons to choose Hunt over Johnson for the Consumables Department Manager position. Assistant Manager Mouton worked with both Johnson and Hunt before making her decision. Johnson did not impress Mouton with her performance, causing Mouton to question

Johnson's work ethic, timely productivity, and ability to manage (Ex. 7, Mouton Depo. 86:23-88:7, App. 061).  In contrast, when Assistant Manager Mouton worked with Hunt and gave her tasks to do, Hunt timely completed tasks, followed-up with Mouton, and took the initiative to complete tasks without direction (Ex. 7, Mouton Depo. 91:12-23, App. 062).  "Courts have recognized that first-hand experience with a candidate provides a sufficiently specific factual basis for an opinion that the other candidate was the most qualified for the job." *Miller v. Jefferson Bd. of Educ.*, 2014 WL 769632 (N.D. Ala. 2014); *Springer v. Convergys Customer Mgt Group Inc.*, 509 F.3d 1344 (11th Cir. 2007) (personal experience with applicant provides sufficient basis for promotion); *Osterag v. Historic Theater Group, Ltd,* 221 F.3d 1343 (8th Cir. 2000) (manager's personal observations of applicant provides legitimate nondiscriminatory reason for employment decision).

Furthermore, Hunt had supervisory experience as a GM Support Manager since July of 2017, while Johnson admittedly had no supervisory experience, which is also a legitimate nondiscriminatory reason (Ex. 21, Hunt Job history, App. 118-119, authenticated at Ex. 18, Elrod Dec., ¶ 12, App. 110; Ex. 4, 35:18-21, 83:22-23, 84:1-4, App. 014, 025).  *See Rose–Maston v. NME Hosps., Inc.,* 133 F.3d 1104, 1110 (8th Cir.1998);  *Kobrin v. Univ. of Minnesota,* 121 F.3d 408, 411 (8th Cir.1997) (other candidates more qualified is legitimate nondiscriminatory reason); *Cunningham v. Autozoners, LLC.*, 2013 WL 6008566 (S.D. Ala. 2013) (lack of prior management experience is legitimate nondiscriminatory reason for not promoting a plaintiff); *Thomas v. CVS/Pharmacy*, 2009 WL 1956256 *1, 2 (11th Cir. 2009) (supervisory management experience and skills was legitimate nondiscriminatory reason to promote someone else even if plaintiff had been at company longer).  Walmart easily meets its burden of

production of legitimate nondiscriminatory reasons for choosing Hunt for the Consumable Department Manager position.

### 4. The EEOC cannot prove pretext.

Finally, the EEOC has no evidence to prove that Walmart's reasons for choosing Hunt for the position was a pretext for discrimination, *Twymon v. Wells Fargo & Co.*, 462 F.3d 925, 935 (8th Cir. 2006), and thus its claim should be dismissed.

#### a. The evidence actually refutes any claim of pretext.

Notably, Johnson admitted she has no basis for disputing Walmart's selection of Hunt over her for the Consumables Department Manager position other than the fact that Johnson had been at Walmart longer so she thought she should have gotten the job due to her longer tenure there, which is not proof of pretext. *See Thomas*, 2009 WL 1956256 (length of employment does not override legitimate reason of better qualifications and experience). Johnson also admitted she has no witnesses or documents to refute Walmart's reason for choosing Hunt (Ex. 4, 98:20-99:9, 165:17-166:8, App. 026, 035).

Indeed, Walmart's Statement of Facts established the following which actually refute any alleged claim of pretext:

- Walmart has and follows policies prohibiting discrimination.

- Johnson never reported discrimination to Walmart regarding the promotion at any time during her employment.

- Johnson never heard Co-Manager Hemsley nor any other Walmart manager say anything negative about employees with small children

- The decision maker, Assistant Manager Mouton, was female and had just had a baby herself.

- Mouton encouraged Johnson to apply for the Consumables Department Manager position *after* Johnson returned from maternity leave and knowing she had just had a baby.

- The decision maker advanced three female candidates, including two with children, to the interview stage over any males in the pool.

- Regardless of who the EEOC claims made the decision, both Mouton and Hemsley had worked their way up to management positions themselves while having small children.

- Regardless of who the EEOC claims made the decision, a female candidate was selected for the Consumables Department Manager position.

- Besides not getting the Consumables Department Manager position, Johnson did not claim that Walmart discriminated against her in any other way based on gender and having small children.

- Johnson herself did not even assert any claim of sex discrimination based on having small children when she first complained to the EEOC. She thought of that and added that allegation only after talking to the EEOC.

Finally, Hemsley's hires during a three year time period were two men and one woman, all without small children. Therefore, even if viewed as unfair or biased against employees with children, that fact actually defeats any claim of **sex-**plus discrimination. *Johnston*, 2009 WL 2900352, at *8 ("an employer who treats *everyone* with children poorly does not commit sex-plus discrimination" because the employer "is not treating women worse than men," only "men and women with children worse than men and women without children."). Accordingly, the EEOC cannot prove pretext.

### b.    Irrelevant hearsay cannot preclude summary judgment.

Because it has no relevant evidence to factually disprove Walmart's reasons for the promotion, the EEOC will try to rely upon Johnson's belated embellished story that Assistant Manager Mouton told her she did not get the position because Co-Manager Hemsley allegedly told Mouton that she did not think Johnsen wanted to further her career there because she had small children at home. Johnson's story is hearsay, unreliable,

suspicious, and contradicted by the undisputed facts. Even if it was true, it is irrelevant and cannot overcome summary judgment.

First, the EEOC's reliance on a non-party employee's (Johnson) statement about what a supervisor allegedly told her that another supervisor said to that supervisor is at least hearsay, if not double-hearsay. *Bonini v. Florida Dept of Corrections*, 2019 WL 5112257 (M.D. Fla. 2019) (a party stating what a Sergeant told him that a Colonel said, which the Sergeant and Colonel both denied was said, is double/triple hearsay that cannot be considered on summary judgment); *Zaben v. Air Products & Chem., Inc.*, 129 F.3d 1453, 1455 (11th Cir. 1997) (comments by low-level supervisors repeating management's alleged discriminatory comments are inadmissible hearsay); *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012) (if, however, the declarant has given sworn testimony during the course of discovery that contradicts the hearsay statement, we may not consider the hearsay statement at the summary judgment phase).

Second, Johnson's story and declaration (Ex. 22) is unreliable and suspicious. Shortly after not getting the promotion, Johnson complained in a Facebook messenger exchange with her mentor about it - but notably failed to mention that "having small children" was the reason given to her (Ex. 26, App. 126). She also did not mention that "reason" in her initial EEOC intake form, nor did it occur to her to make such an allegation until *after* she spoke to the EEOC (Ex. 13, App. 097-99). Furthermore, both Mouton and Hemsley have expressly denied saying anything to that effect, nor is it logical to believe they would say that given their own history of advancing at Walmart while having small children. "[I]t is black letter summary judgment law that a conclusory, self-

12

serving affidavit will not defeat an otherwise meritorious summary judgment motion.'" *Smith v. Golden China of Red Wing, Inc.*, 987 F.3d 1205, 1209 (8th Cir. 2021) (*quoting Keiran v. Home Cap., Inc.*, 858 F.3d 1127, 1132 (8th Cir. 2017)).

Furthermore, even if Johnson's hearsay statement is taken as true, it is undisputed Assistant Manager Mouton was the ultimate decision maker, she chose Hunt, and *after* making the decision, she ran it by Hemsley for final approval who conveyed only that Hemsley trusted Mouton's decision (Ex. 8, Hemsley Depo. 98:4-9, App. 079; Ex. 7, Mouton Depo. 107:21-109:7, App. 063; Ex. 15, App. 103). Fatal to the EEOC's claim is Johnson's admission that she did *not* believe that Assistant Manager Mouton would discriminate against her for having a baby or small children (Ex. 4, 107:2-4, App. 028). Thus, at most, the statement that Johnson claims that Mouton told her that Hemsley said (which Mouton and Hemsley both refute) would be stray remark or statement by a non-decision maker which cannot preclude summary judgment. *Frieze v. Boatmen's Bank of Belton,* 950 F.2d 538, 541–42 (8th Cir. 1991) (holding statements by non-decision makers did not create reasonable inference of discrimination).

Lastly, and most significantly, even assuming, *arguendo*, that Hemsley said not to promote someone because they had small children – that would at most be a statement of bias against people with small children - which is *not* a protected class under Title VII. Nor does it overcome the fact that the EEOC can point to no males with small children who were treated more favorably than Johnson – especially when Hemsley's three hires during the surrounding timeframe were *both male and female and none had children.* Again, such a statement by Hemsley would not prove **sex**-*plus* discrimination because it would only be relevant to the **non**-protected "plus" factor.

13

### c.     Any claim of pretext fails as a matter of law.

Accordingly, while the Court should not even have to reach this stage since the EEOC cannot prove its *prima facie* case, there is no evidence that Walmart's reasons for promoting Hunt over Johnson were a pretext for sex-plus discrimination. "Having small children" is not a protected class under Title VII. For the reasons set forth above and where it is undisputed that three females, including females with small children, advanced in the interview process beyond men with small children, a more qualified female was hired by a manager who had herself just had a baby, and no men with the "plus" factor were treated more favorably, there can be no pretext.

In short, all of these factors and those set forth in part a, *supra*, refute any claim of pretext or discrimination, and the EEOC has nothing to support its claim other than sheer speculation and conjecture which is insufficient to avoid summary judgment. *Nelson v. J.C. Penney Co.*, 75 F.3d 343, 346-47 (8th Cir. 1996); *Kunferman v. Ford Motor Co.*, 112 F.3d 962, 966 (8th Cir. 1997) ("[plaintiff] must substantiate her allegations with sufficient probative evidence based on more than speculation, conjecture, or fantasy"). At all times, the ultimate burden of proof resides with the EEOC, and based on the foregoing, the EEOC's claim of sex and/or sex-plus discrimination fails as a matter of law. *Malark*, 2020 WL 6064508 at *11 (*citing Torgerson v. City of Rochester*, 643 F.3d 1031, 1046 (8th Cir. 2011)). No matter how the EEOC tries to spin the facts, this claim fails because it cannot prove that Johnson was treated "**<u>unfavorably relative to a male employee who also shares the 'plus-' characteristic</u>**" of having small children. *Malark*, 2020 WL 6064508 (*citing Frappied, LLC*, 966 F.3d at 1047).

## V.     CONCLUSION

For all of the reasons set forth above, the EEOC is unable to establish its claims as a matter of law.  Walmart respectfully requests that the Court grant the Motion for Summary Judgment and dismiss all of the EEOC's claims with prejudice at its cost and award Walmart the costs and fees it incurred defending this baseless case.

Dated this 25th day of April, 2023.

WALMART INC. and WAL-MART STORES EAST, LP, Defendants,

By: /s/ Heidi A. Guttau
   Heidi A. Guttau (IA# 15513)
   Christopher R. Hedican (IA# 16099)
of BAIRD HOLM LLP
   1700 Farnam St, Ste 1500
   Omaha, NE  68102-2068
   Phone: 402-344-0500
   Fax: 402-344-0588
   Email:  hguttau@bairdholm.com
   Email:  chedican@bairdholm.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 25th day of April 2023, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

   Miles Shultz – miles.shultz@eeoc.gov
   Kelly Bunch – kelly.bunch@eeoc.gov
   Justin Mulaire – justin.mulaire@eeoc.gov
   Hannah Henkel – hannah.henkel@eeoc.gov

And I hereby do certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:  N/A

                                                  /s/ Heidi A. Guttau

DOCS/2964541.1