**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

v.

WALMART INC. and WAL-MART
STORES EAST, LP,

        Defendants.

CASE NO. 4:22-cv-00037-SMR-SBJ

**EEOC'S RESISTANCE TO**
**<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

**TABLE OF CONTENTS**

I.   FACTUAL BACKGROUND ................................................................... 1

II.   LEGAL STANDARD .......................................................................... 2

III.  ARGUMENT ...................................................................................... 2

    A.   Walmart Discriminated Against Johnson Based on Sex Stereotyping ......... 2

        i.   Employment Decisions Based on Sex Stereotypes About Mothers Violate Title VII ................................................................................... 3

        ii.   EEOC is Not Required to Identify an Opposite-Sex Comparator ............... 4

        iii. EEOC is Not Required to Adopt Walmart's Sex-Plus Framing ................. 5

    B.   EEOC Has Presented Sufficient Evidence of Sex Stereotyping Discrimination to Survive Summary Judgment ............................................ 7

        i.   EEOC's Evidence of Sex Stereotyping Discrimination ............................... 7

        ii.   EEOC Has Presented Direct Evidence of Discrimination ......................... 9

            a.   Mouton and Hemsley's Comments Alone Are Sufficient Direct Evidence of Discrimination .................................................................... 10

            b.   EEOC's Evidence, Taken as a Whole, Satisfies the Direct Method of Proof ............................................................................................... 11

        iii. Alternatively, EEOC Has Satisfied the Requirements of *McDonnell Douglas* ..................................................................................... 12

            a.   The Elements of EEOC's Prima Facie Case of Sex Stereotyping ........ 12

            b.   EEOC Has Established a Prima Facie Case and Pretext .................... 14

    C.   The Discriminatory Comments by Mouton and Hemsley are Admissible ... 16

        i.   Comments by Decisionmakers are Party Admissions, Not Hearsay ......... 16

        ii.   Credibility is for a Jury to Weigh, but, Nonetheless, Johnson's Account Has Been Consistent and Credible ............................................. 17

IV.  CONCLUSION ................................................................................. 20

## TABLE OF AUTHORITIES

**Cases**                                                                                   **Page(s)**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)........................................................................................2

*Back v. Hastings on Hudson Union Free Sch. Dist.*,
   365 F.3d 107 (2nd Cir. 2004)......................................................................20

*Battino v. Redi-Carpet Sales of Utah, LLC*,
   2021 WL 4144974 (10th Cir. Sept. 13, 2021) ...........................................6

*Bearden v. Int'l Paper Co.*,
   529 F.3d 828 (8th Cir. 2008) .....................................................................20

*Bell v. Baptist Health*,
   60 F.4th 1198 (8th Cir. 2023) ...................................................................13

*Bonenberger v. St. Louis Metro. Police Dept.*,
   956 F.Supp.2d 1059 (E.D. Mo. 2013).......................................................16

*Bostock v. Clayton Cnty*,
   140 S.Ct. 1731 (2020)......................................................................3, 5, 6, 11

*Catala-Torres v. LifeLink Found*,
   2022 WL 1620304 (D.P.R. May 23, 2022).................................................6

*Chadwick v. WellPoint, Inc.*,
   561 F.3d 38 (1st Cir. 2009).................................................................3, 8, 14

*City of Joseph v. Southwestern Bell Tel.*,
   439 F.3d 468 (8th Cir. 2006) .....................................................................20

*Dindinger v. Allsteel, Inc.*,
   2013 WL 11727240 (S.D. Iowa Nov. 22, 2013).......................................20

*EEOC v. HBE Corp.*,
   135 F.3d 543 (8th Cir. 1998) ...............................................................16, 17

*Findlator v. Allina Health Clinics*,
   960 F.3d 512 (8th Cir. 2020) .......................................................................9

*Frappied v. Affinity Gaming Black Hawk, LLC*,
   966 F.3d 1038 (10th Cir. 2020) ................................................................6, 7

*Gen. Tel. Co. of the Nw. v. EEOC*,
   446 U.S. 318 (1980)...................................................................................18

*Griffith v. City of Des Moines*,
   387 F.3d 733 (8th Cir. 2004) .......................................................................10, 12

*Guimaraes v. SuperValu, Inc.*,
   674 F.3d 962 (8th Cir. 2012) ...................................................................9, 10, 12

*Jackson v. UPS, Inc.*,
   643 F.3d 1081 (8th Cir. 2011) ............................................................................13

*Jensen v. IOC Black Hawk Cnty. Inc.*,
   2016 WL 6080815 (N.D. Iowa Oct. 17, 2016) ....................................................16

*Lettieri v. Equant Inc.*,
   478 F.3d 640 (4th Cir. 2007) ................................................................................3

*Lewis v. Heartland Inns of America, LLC*,
   591 F.3d 1033 (8th Cir. 2010) ................................................................... *passim*

*Lust v. Sealy, Inc.*,
   383 F.3d 580 (7th Cir. 2004) ................................................................................3

*Mach Mining, LLC v. EEOC*,
   575 U.S. 480 (2015) ............................................................................................18

*Malark v. RBC Capital Markets, LLC*,
   2020 WL 6064508 (D. Minn. 2020) ..............................................................6, 7, 8

*Mohr v. Dustrol, Inc.*,
   306 F.3d 636 (8th Cir. 2002) *abrogated on other grounds by Desert Palace,*
   *Inc. v. Costa*, 539 U.S. 90 (2003) ......................................................................10

*Moody v. Vozel*,
   771 F.3d 1093 (8th Cir. 2014) ......................................................................10, 11

*Morrow v. Zale Corp.*,
   816 F.3d 1025 (8th Cir. 2016) ............................................................................10

*Nev. Dept. of Human Res. v. Hibbs*,
   538 U.S. 721 (2003) ..............................................................................................3

*Oncale v. Sundowner Offshore Servs., Inc.*
   523 U.S. 75 (1998) ............................................................................................4, 5

*Price Waterhouse v. Hopkins*,
   490 U.S. 228 (1989) ..............................................................................................2

*Quick v. Donaldson Co.*,
   90 F.3d 1372 (8th Cir. 1996) ................................................................................2

*Rinesmith v. Cent. Cnty. Fire & Rescue, A Fire Prot. Dist.*,
    156 F. App'x 856 (8th Cir. 2005) ........................................................15

*Roberts v. Park Nicollet Health Serv.*,
    528 F.3d 1123 (8th Cir. 2008) ......................................................8, 11

*Roberts v. U.S. Postmaster Gen.*,
    947 F. Supp. 282 (E.D. Tex. 1996) .....................................................6

*Shannon v. Ford Motor Co.*,
    72 F.3d 678 (8th Cir. 2011) .........................................................13, 14

*Simmons v. New Public School Dist. No. Eight*,
    251 F.3d 1210 (8th Cir. 2001) *abrogated on other grounds by Torgerson*, 643
    F.3d 1031 ...............................................................................11

*Smith v. Golden China of Red Wing, Inc.*,
    987 F.3d 1205 (8th Cir. 2021) ..........................................................19

*St. Martin v. City of St. Paul*,
    680 F.3d 1027 (8th Cir. 2012) ......................................................10, 12

*Torgerson v. City of Rochester*,
    643 F.3d 1031 (8th Cir. 2011) ......................................................10, 11

*Towery v. Miss. Cnty. Ark. Econ. Opp. Comm'n, Inc.*,
    1 F.4th 570 (8th Cir. 2021) ..............................................................10

*Wood v. SatCom Mktg., LLC*,
    705 F.3d 823 (8th Cir. 2013) ..............................................................9

*Yates v. Rextion, Inc.*,
    267 F.3d 793 (8th Cir. 2001) ............................................................17

*Young v. Builders Steel Co.*,
    754 F.3d 573 (8th Cir. 2014) ............................................................14

**Other Authorities**

Fed. R. Civ. P. 56(a) ..........................................................................2

Fed. R. Evid. 801(c) ..........................................................................17

Fed. R. Evid. 801(d)(2)(D) ...................................................................16

Fed. R. Evid. 805 .............................................................................16

# INDEX OF EXHIBITS

Exhibit                                                                           EEOC App. Page

Exhibit 1     Johnson Deposition Transcript..............................................................001

Exhibit 2     Johnson Declaration............................................................................027

Exhibit 3     Mouton Deposition Transcript.............................................................031

Exhibit 4     Johnson Message to Fin (EEOC_0000441) .........................................043

Exhibit 5     September 2018, Initial Inquiry Form (EEOC_0000185-186) ...........061

Exhibit 6     Johnson Phone Interview (EEOC_000026-30)...................................064

Exhibit 7     Johnson Charge of Discrimination (EEOC_0000172)........................069

Exhibit 8     Johnson written response (EEOC0000165_67)..................................070

Exhibit 9     Bishop Deposition Transcript .............................................................073

Exhibit 10    Walmart's Second Supplemental Response to
              EEOC Third Set of Interrogatories .....................................................077

Exhibit 11    Rule 30(b)(6) Deposition Transcript ...................................................088

Exhibit 12    Walmart's Supplemental Response to
              EEOC's Third Request for Production of Documents........................094

Exhibit 13    Hiring Process Chart (WM_Johnson_0001961-1962)........................097

Exhibit 14    Letter of Determination (EEOC_0000132-133) .................................100

Exhibit 15    Shultz Declaration..............................................................................101

**EEOC'S MEMORANDUM IN SUPPORT OF ITS RESISTANCE TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Walmart's motion needlessly complicates a very straightforward case. Walmart did not promote Tiffanee Johnson to the consumables department manager position. Assistant manager Kendra Mouton, one of the two decision makers, told Johnson that she did not get the promotion because she had small children, and, therefore, they assumed she would not be working at Walmart long-term and did not want to further her career there. When Johnson confronted the other decisionmaker, co-manager Patricia Hemsley, about Mouton's explanation, Hemsley all but confirmed the discriminatory motive, stating "Kendra shouldn't have told you that." These statements are direct evidence of sex discrimination in the form of sex stereotyping, and, therefore, this case must go to a jury.

## I.  FACTUAL BACKGROUND[1]

In February 2018, Tiffanee Johnson applied for a promotion to be the consumables department manager. PRDF 29. One decisionmaker, assistant manager Kendra Mouton, interviewed Johnson for the job (PRDF 31), but Walmart promoted another woman, Abigail Hunt, instead (PRDF 52). When Mouton told Johnson she did not get the promotion, Johnson asked Mouton why. PAF 4. Mouton told her that she and the other decisionmaker, co-manager Patti Hemsley, decided to select Hunt because they wanted someone who would remain with the company long-term and eventually become an assistant manager. PAF 4. Mouton told

---

[1] Throughout this brief, EEOC will refer to "PRDF" for Plaintiff's Responses to Defendant's Facts and "PAF" for Plaintiff's Additional Facts.

Johnson that they did not think Johnson wanted to become an assistant manager because she had small children at home. PAF 4. During a subsequent interview for a different position, Johnson confronted Hemsley about Mouton's explanation. PAF 5. Hemsley did not dispute the explanation but instead simply replied that Mouton should not have told her that. PAF 5, 6, 7.

## II.    LEGAL STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must construe all facts and draw all justifiable inferences in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "At the summary judgment stage, the court should not weigh the evidence, make credibility determinations, or attempt to determine the truth of the matter." *Quick v. Donaldson Co.*, 90 F.3d 1372, 1376-77 (8th Cir. 1996) *citing Anderson*, 477 U.S. at 249.

## III.    ARGUMENT

### A.    Walmart Discriminated Against Johnson Based on Sex Stereotyping

Sex stereotyping violates Title VII "when it influences an employment decision." *Lewis v. Heartland Inns of America, LLC,* 591 F.3d 1033, 1038 (8th Cir. 2010) *(citing Price Waterhouse v. Hopkins*, 490 U.S. 228, 251 (1989)). Such sex stereotyping occurs not only when an employer requires an employee to conform to sex stereotypes, but also when an employer acts on an *assumption* that an employee *will* act in conformance with a sex-based stereotype. *Price Waterhouse*, 490 U.S. at 251 (plurality) (emphasis added).

2

*i. Employment Decisions Based on Sex Stereotypes About Mothers Violate Title VII*

One such illegal sex stereotype is the assumption that mothers, particularly those with young children, are uncommitted or unreliable employees who will prioritize parenting responsibilities over their paid employment. *Lewis*, 591 F.3d at 1038-39 (*citing Chadwick v. WellPoint, Inc.*, 561 F.3d 38, 42-44 (1st Cir. 2009) (plaintiff rejected for promotion because decisionmaker thought she "just [had] a lot of her plate right now" as a mother of young children); *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 119-20 (2nd Cir. 2004) (plaintiff denied tenure after decisionmakers questioned her commitment to job and ability to work required hours because she had young children)). *See also Lettieri v. Equant Inc.*, 478 F.3d 640, 649 (4th Cir. 2007); *Lust v. Sealy, Inc.*, 383 F.3d 580, 583 (7th Cir. 2004).

The Supreme Court has described the harm caused by "the pervasive sex-role stereotype that caring for family members is women's work" and how it has "fostered employers' stereotypical views about women's commitment to work and their value as employees"—which in turn has led employers "to engage in discrimination by basing hiring and promotion decisions on stereotypes[,]" such as the stereotype that "women are mothers first, and workers second." *Nev. Dept. of Human Res. v. Hibbs*, 538 U.S. 721, 731, 736-37 (2003). *See also Bostock v. Clayton Cnty*, 140 S.Ct. 1731, 1744 (2020); *Chadwick*, 561 F.3d at 44. So, while "having small children" is not a protected class, as Walmart argues, refusing to promote a woman because of sex stereotypes about women with small children not being committed to work certainly *is* cognizable sex discrimination.

3

ii.    *EEOC is Not Required to Identify an Opposite-Sex Comparator*

Further, despite Walmart's argument to the contrary, there is no requirement that a plaintiff with a sex stereotyping claim identify a male comparator who received more favorable treatment. The Eighth Circuit has "explicitly rejected that premise." *Lewis*, 591 F.3d at 1039. In *Lewis*, a female front desk worker at a hotel chain alleged that the hotel terminated her because she was not sufficiently "pretty" and did not have the "Midwestern girl look" that the employer preferred. *Id*. at 1036. The district court in *Lewis* granted summary judgment for the employer because the plaintiff offered no evidence of male employees who were treated more favorably with regard to defendant's dress code or appearance standards. *Id*. at 1039. The Eighth Circuit reversed, holding that a plaintiff need not produce comparative evidence demonstrating that the company subjected male employees to the same discriminatory conduct. *Id*. at 1039-41.

In reaching this conclusion, the Eighth Circuit drew a parallel to the seminal Supreme Court case *Oncale*, where the plaintiff alleged that his male coworkers subjected him to sexual harassment. *Lewis*, 591 F.3d at 1040-41 (*citing Oncale v. Sundowner Offshore Servs., Inc.* 523 U.S. 75, 77 (1998)). The plaintiff in *Oncale* alleged that he would not have been harassed if he were a woman—but could not actually identify any women who were treated more favorably than he was because there were no women on his ship. *Id*. But the lack of an opposite-sex comparator is not consequential so long as the plaintiff offers evidence that *they* were discriminated against *because of* their sex. *Lewis*, 591 F.3d 1040-41. This is because

"the ultimate issue" in any discrimination claim "is the reasons for *the individual plaintiff's* treatment, not the relative treatment of different *groups* within the workplace." *Id*. at 1039 (internal quotation omitted) (emphasis in original).

*Bostock* also discusses this holding from *Oncale* favorably and notes that it does not matter for Title VII purposes "whether men as a group were subject to discrimination or whether something in addition to sex contributed to the discrimination, like the plaintiff's conduct or personal attributes… Because the plaintiff [in *Oncale*] alleged that the harassment would not have taken place but for his sex—that is, the plaintiff would not have suffered similar treatment if he were female—a triable Title VII claim existed." *Bostock*, 140 S.Ct. at 1743-44.

### iii.    EEOC is Not Required to Adopt Walmart's Sex-Plus Framing

Walmart's brief acknowledges that EEOC has alleged a sex stereotyping claim based on Johnson's recent childbirth and stereotypes about mothers of young children and their commitment to their paid employment. Walmart Brief, ECF No. 33-1 at pp. 1-2. However, Walmart then goes on to ignore EEOC's theory of the case and argue that EEOC *must* use the specific "sex-plus" method of proof set forth in Walmart's brief. While using an opposite sex comparator with young children would certainly be one way to demonstrate sex discrimination, it is not EEOC's theory of the case. As such, Walmart is merely knocking down a straw man.

The out-of-circuit cases Walmart relies on to try and force this case into a "sex-plus" theory, and somehow mandate a comparator evidence method of proof, are not controlling, are readily distinguishable to this case, and most certainly do

not support the proposition that "EEOC would have to prove a 'sex-plus' claim." ECF No. 33-1 at p. 3. First, *Roberts v. U.S. Postmaster Gen.*, 947 F. Supp. 282, 288 (E.D. Tex. 1996), involved a disparate impact claim—not a disparate treatment claim—and, further, the court found that plaintiff did state a claim of sex discrimination without comparator evidence. *Id.* at 287. Second, *Catala-Torres v. LifeLink Found.*, Inc., 2022 WL 1620304 (D.P.R. May 23, 2022) involved a harassment claim with no mention of sex stereotyping or "sex-plus" analysis. Lastly, Walmart cites to *Battino v. Redi-Carpet Sales of Utah, LLC,* 2021 WL 4144974 (10th Cir. Sept. 13, 2021), but again, *Battino* does not discuss sex stereotyping or "sex-plus" and notably the plaintiff (a woman who had recently had a child and presented no evidence of men being treated more favorably) met her initial *prima facie* burden. *Id.* at *3-4. Nothing about the holdings in these cases is applicable here or even supports Walmart's position.

Walmart's extensive reliance on *Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038 (10th Cir. 2020) and *Malark v. RBC Capital Markets, LLC*, 2020 WL 6064508 *1, 11 (D. Minn. 2020) is similarly unavailing. In *Frappied*, the Tenth Circuit discussed its need to liberalize its "sex-plus" jurisprudence in light of the Supreme Court ruling in *Bostock*. 966 F.3d at 1047. But nothing in *Frappied* discusses sex stereotyping claims or holds that a plaintiff is *required* to use the "sex-plus" framework. Indeed, *Frappied* rejects the idea that there is any one *prima facie* formulation that discrimination plaintiffs must use, and instead affirms that the court must evaluate whether the plaintiff has "set forth a plausible claim in light of

6

the elements of their claim." *Id*. at 1050 (internal citation omitted). *Malark* also takes pains to recognize that there are many different ways to establish a *prima facie* claim of sex discrimination, and that "[p]roof that a plaintiff was replaced by an individual outside the protected class is not required to make a prim[a] facie case of discrimination[.]" 2020 WL 6064508 at *11-12. And the court in *Malark* held that the plaintiff did establish a *prima facie* case of sex discrimination even though she did not establish a "sex-plus" claim—thus further affirming that a "sex-plus" claim is not the sole method of proof available. *Id*.

    B.    <u>EEOC Has Presented Sufficient Evidence of Sex Stereotyping<br>Discrimination to Survive Summary Judgment</u>

EEOC has presented evidence of sex discrimination in the form of sex stereotyping that is sufficient to survive summary judgment regardless of which of the three methods of proof described below the Court chooses to employ.

    *i.    EEOC's Evidence of Sex Stereotyping Discrimination*

First, there is the statement from Mouton *telling* Johnson that she was not selected because she has young kids at home (PAF 4) and Hemsley's confirmation of this reasoning (PAF 7). Mouton told Johnson that, because she had young children, they did not think she was interested in working for Walmart long-term or continuing to advance at the company. (PAF 4). As described above, this is an illegal sex stereotype. And when confronted with Mouton's statement, Hemsley responded "[Mouton] shouldn't have told you that" (PAF 7). A jury could reasonably view as confirmation of the discriminatory motive and, further, that Hemsley was aware that their rationale was discriminatory and was attempting to conceal it.

Second, the fact that Johnson took the manager test (PRDF 30), took it again when she did not pass the first time (*Id.*), and applied for two promotions (PRDF 29, PAF 5) would all lead one to believe that Johnson *did* want to advance her career at Walmart. The only reason Hemsley and Mouton gave for believing otherwise was the fact that Johnson is a mother. This is, again, evidence of an illegal sex stereotype about mothers and their commitment to paid employment.

Third, Walmart now maintains that Johnson was not the best candidate because she had no prior management experience whereas the selectee (who did not have young children (PRDF 33)) had seven months of prior management experience. This explanation is inconsistent with what Mouton told Johnson at the time of the non-promotion, which was that they did not promote her because she had young children at home and, therefore, they assumed she was not interested in a long-term career at Walmart. Inconsistent explanations such as these are evidence of pretext. *See Roberts v. Park Nicollet Health Serv.*, 528 F.3d 1123, 1128 (8th Cir. 2008); *Chadwick*, 561 F.3d at 47-48.

Fourth, Walmart now also claims that Johnson was not the best candidate because one time Mouton allegedly asked her to perform a task and Johnson was then "gone for thirty minutes." PRDF 41. However, Walmart's policies allowed for breaks to express breast milk. PAF 16. Mouton testified that Johnson did not need to tell Mouton when she was taking a break for pumping. PAF 15, 17. Mouton knew Johnson was pumping at work and she admitted that Johnson may have been pumping when she allegedly could not find her. PAF 18. Mouton also testified that

she could have checked with Johnson's actual supervisor but she did not. PAF 19. This is evidence that one of Walmart's reasons for denying Johnson a promotion was related to her recent childbirth, the related medical condition of lactation, and directly links to her sex since men do not lactate.

Fifth, in the three other promotions Hemsley made in the period surrounding Johnson's non-selection, Hemsley passed over candidates with management experience in favor of candidates with no management experience two of the three times. PAF 20, 21. And none of Hemsley's selectees for promotion had young children. PAF 22. Walmart's argument and cited cases finding that previous management experience is a valid, non-discriminatory factor in selection decisions (ECF No. 33-1 at p. 13) hold little weight in this case, considering that Hemsley often promoted non-management employees over those with management experience. A reasonable factfinder could believe that Johnson's lack of prior management experience had little or nothing to do with Walmart's failure to promote her and that it was based at least in part on illegal sex stereotypes.

ii.    *EEOC Has Presented Direct Evidence of Discrimination*

"[A] plaintiff may prove a claim under the direct-evidence framework—perhaps more appropriately understood as the direct method—through either direct or circumstantial evidence, or a combination of the two." *Wood v. SatCom Mktg., LLC*, 705 F.3d 823, 828 (8th Cir. 2013). Or a plaintiff can defeat a motion for summary judgment by offering evidence that creates an inference of discrimination using the *McDonnell Douglas* framework. *See, e.g., Findlator v. Allina Health Clinics*, 960 F.3d 512, 514 (8th Cir. 2020); *Guimaraes v. SuperValu, Inc.*, 674 F.3d

9

962, 972-73 (8th Cir. 2012). Direct evidence demonstrates "a specific link between the alleged discriminatory animus and the challenged [employment] decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action." *Towery v. Miss. Cnty. Ark. Econ. Opp. Comm'n, Inc.*, 1 F.4th 570, 573 (8th Cir. 2021) (cleaned up). "Direct evidence in this context is not the converse of circumstantial evidence," however. *Griffith v. City of Des Moines*, 387 F.3d 733, 736 (8th Cir. 2004). Rather, "direct refers to the causal strength of the proof, not whether it is 'circumstantial' evidence." *Id.* (cleaned up); *see also St. Martin v. City of St. Paul*, 680 F.3d 1027, 1033 (8th Cir. 2012). Therefore, direct evidence can be circumstantial evidence, so long as it creates a sufficiently strong causal connection between the alleged discriminatory motive and the challenged action. *Guimaraes*, 674 F.3d at 972-73. A plaintiff with direct evidence does not need to utilize the *McDonnell Douglas* method of proof. *Id.*

a. <u>*Mouton and Hemsley's Comments Alone Are Sufficient Direct Evidence of Discrimination*</u>

Comments from a decisionmaker rise to the level of direct evidence when they 1) come from a person with decision making authority regarding the challenged employment action, 2) relate to the decisional process, and 3) demonstrate a link between discriminatory bias and the challenged action. *See Moody v. Vozel*, 771 F.3d 1093, 1096 (8th Cir. 2014) (internal citation omitted); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1044-45 (8th Cir. 2011); *Morrow v. Zale Corp.*, 816 F.3d 1025, 1026 (8th Cir. 2016); *Mohr v. Dustrol, Inc.*, 306 F.3d 636,

10

640-41 (8th Cir. 2002) *abrogated on other grounds by Desert Palace, Inc. v. Costa*,

539 U.S. 90 (2003); *Simmons v. New Public School Dist. No. Eight*, 251 F.3d 1210,

1214-15 (8th Cir. 2001) *abrogated on other grounds by Torgerson*, 643 F.3d 1031.

And EEOC need only demonstrate that Johnson's non-promotion was "based

in part on sex"—sex need not be the sole or even primary reason. *Bostock*, 140 S.Ct.

at 1739-41, 1748. For example, the Eighth Circuit noted that a decisionmaker

asking questions about plaintiff's pregnancy and then terminating her because of

"all the problems" she might be having soon (only one of them being her pregnancy)

"may fairly be considered direct evidence that pregnancy was a motivating factor in

the employment decision, sufficient in and of themselves to defeat a motion for

summary judgment." *Park Nicollet Health Serv.*, 528 F.3d at 1128.

Mouton *told* Johnson that they did not promote her because she had young

children at home, which they assumed meant she was not committed to a career at

Walmart. PAF 4. As described above, this is a sex stereotype that violates Title VII

when, as here, it motivates an employment action. These comments are direct

evidence of sex discrimination because the 1) decisionmakers made them, 2) they

relate directly to the decision not to promote Johnson, and 3) they draw a direct

inference between illegal sex stereotypes and the non-promotion. *See Moody*, 771

F.3d at 1096 (internal citation omitted); *Torgerson*, 643 F.3d at 1044-45. Therefore,

EEOC need not present additional evidence pursuant to the *McDonnell Douglas*

framework and this Court should deny summary judgment.

        *b.  EEOC's Evidence, Taken as a Whole, Satisfies the Direct*
           *Method of Proof*

If the Court were to hold that the comments from Moulton and Hemsley alone are not sufficient direct evidence of discrimination, a jury could still look at all of EEOC's circumstantial evidence as a whole and find that it creates a sufficiently strong causal connection to illegal sex stereotypes to satisfy the direct method of proof. *Griffith*, 387 F.3d at 736; *St. Martin*, 680 F.3d 1027, 1033; *Guimaraes*, 674 F.3d at 972-73. The comments by Moulton and Hemsley, the inconsistency between those comments and Walmart's now-proffered reasons for the non-promotion, the lack of any reason (other than sex stereotypes) to think Johnson was not interested in a promotion *that she applied for*, Moulton's apparent penalization of Johnson for taking breaks for pumping, and Hemsley's history of promoting employees with no managerial experience over those with managerial experience—taken together—create a strong causal connection between Johnson's non-promotion and sex stereotypes about women with young children being uncommitted or unreliable employees. As such, EEOC has presented evidence that would permit a jury to infer that Walmart's decision not to promote Johnson was discriminatory.

  iii.  *Alternatively, EEOC Has Satisfied the Requirements of McDonnell Douglas*

While the EEOC certainly believes the sex-stereotype-based rationale articulated by Mouton and confirmed by Hemsley is direct evidence of sex discrimination and that EEOC is not required to go through the *McDonnell Douglas* framework, EEOC satisfies the burden-shifting framework nonetheless.

  a. *The Elements of EEOC's Prima Facie Case of Sex Stereotyping*

To establish a *prima facie* case, EEOC must show that "(1) [Johnson] was a

member of the protected group; (2) she was qualified to perform the job; (3) she suffered an adverse employment action; and (4) circumstances permit an inference of discrimination." *Lewis,* 591 F.3d at 1038 *quoting Bearden v. Int'l Paper Co.*, 529 F.3d 828, 831 (8th Cir. 2008). *See also Bell v. Baptist Health*, 60 F.4th 1198, 1203 (8th Cir. 2023) (same). Walmart must then articulate a legitimate non-discriminatory reason for Johnson's non-promotion and, finally, EEOC must show that the proffered reason is pretext. *Lewis,* 591 F.3d at 1038.

Walmart's brief mischaracterizes the fourth *prima facie* element by insisting that it requires EEOC to demonstrate that "similarly situated employees, not part of the protected group, were promoted instead" and cites *Jackson v. UPS, Inc.*, 643 F.3d 1081, 1086 (8th Cir. 2011) (*citing Shannon v. Ford Motor Co.,* 72 F.3d 678, 682 (8th Cir. 2011) to support its claim. This is incorrect. As EEOC explained in detail, *supra* (§ III.A.ii), comparator evidence is one way to establish the fourth *prima facie* element but "is certainly not the exclusive means by which a plaintiff may establish an inference of discrimination[.]" *Lewis*, 591 F.3d at 1040 *quoting Young v. Warner–Jenkinson Co.,* 152 F.3d 1018, 1022 (8th Cir.1998) (cleaned up).

As the Eighth Circuit noted in *Lewis*, courts characterize the fourth *prima facie* element as requiring comparator evidence *if the plaintiff chooses* to rely on that type of evidence. *Lewis*, 591 F.3d at 1040. In *Jackson* and *Shannon*, the cases relied upon by Walmart, the plaintiff chose to present comparator evidence and, consequently, the court described the fourth element as being satisfied if the plaintiff presents sufficient comparator evidence. *Jackson*, 643 F.3d at 1086;

*Shannon*, 72 F.3d at 683-84. However, like in *Lewis*, EEOC is not relying on comparator evidence but rather statements by the decisionmakers that give rise to an inference of discrimination. *Lewis*, 591 F.3d at 1040. Therefore, the formulation of the *prima facie* case articulated in *Lewis* is the correct one here.

### b.  EEOC Has Established a Prima Facie Case and Pretext

The first three elements of EEOC's *prima facie case* are not in dispute: Johnson is a woman (PAF 1), she was qualified for the consumables department manager position because she was interviewed (PRDF 31) and Walmart only interviews qualified applicants (PAF 3), and Walmart did not select her for the department manager promotion (PRDF 52). Therefore, the only two issues in dispute are whether EEOC has produced sufficient evidence of the fourth *prima facie* element ("circumstances [that] permit an inference of discrimination") and whether a reasonable jury could find that Walmart's proffered reason for Johnson's non-selection is pretext for discrimination.

A plaintiff's *prima facie* showing is a "flexible evidentiary standard that was never intended to be rigid, mechanized, or ritualistic." *Lewis,* 591 F.3d at 1039 *quoting Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, (2002) (internal quotation omitted). The same evidence, including discriminatory comments from a decisionmaker, can be evidence of both the fourth *prima facie* element and pretext. *Young v. Builders Steel Co.*, 754 F.3d 573, 578 (8th Cir. 2014) (internal citation omitted); *Lewis*, 591 F.3d at 1040-41. *See also Chadwick*, 561 F.3d at 46 (comments need not explicitly use the words "because you are a woman" or the equivalent to be

14

circumstantial evidence of sex discrimination).

Walmart argues that because Hemsley and Mouton were themselves mothers, the EEOC cannot establish pretext. ECF No. 33-1 at p. 14-15. However, it is important to note that Title VII prohibits discrimination based on sex, and this includes situations where individuals of the same sex discriminate against each other. *See Rinesmith v. Cent. Cnty. Fire & Rescue, A Fire Prot. Dist.,* 156 F. App'x 856, 859 (8th Cir. 2005). ("That two members of the Board of Directors were women does not preclude a finding of sex discrimination. Women may discriminate against women, because of the many facets of human motivation, it would be unwise to presume as a matter of law that human beings of one definable group will not discriminate against other members of their group.'") (cleaned up).

All of the evidence described above—the comments from Mouton and Hemsley, the counter-factual belief that Johnson didn't want to continue her career at Walmart, the inconsistent explanations for her non-promotion, the hostility towards her pumping, and the questions regarding how much weight Hemsley truly placed on prior managerial experience—"permit[s] an inference of discrimination" and that Walmart's proffered reason is pretextual.[2] These facts, taken together and viewed in the light most favorable to EEOC, create an inference that Walmart did not promote Johnson because of illegal sex stereotypes, and this case must be resolved by a jury. *Lewis,* 591 F.3d at 1038.

---

[2] Walmart's argument that Johnson does not have witnesses or documents to refute its stated reason for selecting Hunt is irrelevant. First, it is whether the EEOC has evidence to refute Walmart's claim—and not whether or not that evidence is in Johnson's possession. More importantly, there is no requirement that Johnson's testimony be corroborated by a second witness in order to be admissible and to provide a basis for denying summary judgment.

C.  <u>The Discriminatory Comments by Mouton and Hemsley are Admissible</u>

The discriminatory statements by Mouton and Hemsley provide sufficient evidence of discrimination, whether viewed as direct evidence or circumstantial evidence, to preclude summary judgment for Walmart. Walmart attempts to evade this outcome by asking the Court to disregard them as either hearsay or as sham testimony. Walmart is wrong on both counts.

i.  *Comments by Decisionmakers are Party Admissions, Not Hearsay*

Walmart argues that the statements are inadmissible hearsay. This is incorrect. Under Federal Rule of Evidence 801(d)(2)(D), a "statement offered against an opposing party" that "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed" is not hearsay. *See also EEOC v. HBE Corp.*, 135 F.3d 543, 551-52 (8th Cir. 1998); *Jensen v. IOC Black Hawk Cnty. Inc.*, 2016 WL 6080815, *3 (N.D. Iowa Oct. 17, 2016); *Bonenberger v. St. Louis Metro. Police Dept.*, 956 F.Supp.2d 1059, 1067 (E.D. Mo. 2013).

At the time of the statements Mouton and Hemsley were both Walmart managers and the two decisionmakers for Johnson's non-promotion. PRDF 16, 17, 18, 51, 52. Therefore, they were acting within the scope of their employment when they discussed the candidates for promotion, decided not to promote Johnson, and conveyed that decision to Johnson. Their statements are being offered against Walmart. Therefore, they are not hearsay pursuant to FRE 801(d)(2)(D).

To the extent Hemsley's statements to Mouton, which Mouton then relayed to Johnson, are "double hearsay," FRE 801(d)(2)(D) applies equally to both levels of hearsay. Fed. R. Evid. 805 ("Hearsay within hearsay is not excluded by the rule

against hearsay if each part of the combined statements conforms with an exception to the rule"); *Yates v. Rextion, Inc.*, 267 F.3d 793, 801-02 (8th Cir. 2001); *HBE Corp.*, 135 F.3d at 552. When Hemsley made the statement to Mouton, and when Mouton repeated the statement to Johnson, Hemsley and Mouton were acting in the scope of their employment as Walmart's decisionmakers for the promotion at issue. And Johnson's statements are not hearsay because they are not being offered to prove the proof of the matter asserted, but rather to prove that the statements were made and/or the motive of the declarants. Fed. R. Evid. 801(c). Therefore, the statements are admissible even if one of the statements contains two layers of hearsay.

Perhaps because Federal Rule of Evidence 801 makes clear that these statements are admissible, Walmart's brief does not mention the Rule at all and instead cites to out-of-circuit cases—none of which deal with statements by decisionmakers made within the scope of their authority regarding a challenged employment action. *See* Walmart Brief, ECF. No. 33-1 at p. 12.

### ii. *Credibility is for a Jury to Weigh, but, Nonetheless, Johnson's Account Has Been Consistent and Credible*

Walmart would like the Court to engage in inappropriate credibility determinations by *disregarding* Johnson's account of the discriminatory statements by Mouton and Hemsley as "unreliable and suspicious." But credibility—whether to *disregard* admissible testimony—is inherently for the trier of fact to decide. Walmart's brief essentially accuses EEOC and Johnson of engaging in a sham affidavit-type sleight of hand, citing "black letter summary judgment law that a conclusory, self-serving affidavit will not defeat an otherwise meritorious summary

judgment motion." ECF No. 33-1 at pp. 12-13 *citing Smith v. Golden China of Red Wing, Inc.*, 987 F.3d 1205 (8th Cir. 2021). This argument is incorrect for a variety of reasons and, to the extent that it is even proper for the Court to decide Johnson's credibility on summary judgment, Walmart is wrong that Johnson's consistent statements from 2018 through present are unreliable and suspicious.

Shortly after her non-selection, Johnson sent a text message to her Walmart mentor stating that Walmart told her it did not promote her because, even though she did very well on her interview, they assumed Johnson was not interested in staying with Walmart and eventually becoming an assistant store manager. PAF 8, 9. Johnson made the same statement in an initial inquiry form to the EEOC. PAF 10, 11. Johnson then filed a charge[3] with the EEOC alleging that Walmart did not promote her due to her sex (pregnancy)—a reference to the fact that she had recently been pregnant and had a young child, which she believed was the reason she was not promoted. PAF 13. And again during the investigation, Johnson told the EEOC investigator that "they" told her that they picked someone else because they did not think she wanted to become an assistant manager because she has small children. PAF 12. And yet again in a written response to Walmart's position statement, Johnson stated the same thing. PAF 14. During this litigation, Johnson has made additional, consistent statements in an affidavit and in her deposition

---

[3] Walmart mischaracterizes this initial inquiry as a complaint or charge of discrimination. Even if the Court were to conclude this initial inquiry was somehow a charge, "EEOC enforcement actions are not limited to the claims presented by the charging parties" in their administrative charges. *See Gen. Tel. Co. of the Nw. v. EEOC*, 446 U.S. 318, 331 (1980). Rather its Letter of Determination (PAF 23), give the employer notice of the violations uncovered and an opportunity to settle the matter through conciliation. *See Mach Mining, LLC v. EEOC*, 575 U.S. 480, 482-83 (2015).

where she testified that Mouton told her that she was not selected because she had young children and, therefore, they assumed she was not interested in staying with Walmart long-term and becoming an assistant store manager.

First, Walmart does not argue that a later statement of Johnson's is inconsistent with her deposition testimony—it takes issue with the deposition testimony being more detailed than some of Johnson's earlier statements. Walmart does not cite any caselaw to support an argument that the Court should disregard her sworn deposition testimony because it was more detailed than a text message or a one paragraph EEOC charge. The typical sham affidavit case deals with an affidavit produced after the deposition to try to 'fix' problems with the deposition testimony, and in doing so directly contradicts the deposition testimony. For example, in Walmart's proffered case, *Smith*, the plaintiff testified in his deposition that he had no intention of patronizing defendant's restaurant but later submitted an affidavit contradicting his deposition testimony, after it became clear that he would lose his case for lack of standing. 987 F.3d at 1209. That is not the case here, where Walmart wants the Court to disregard Johnson's sworn deposition testimony.

Second, a jury could readily conclude that there is in fact no inconsistency in Johnson's testimony. Johnson initially provided a more abbreviated version of the conversation with Mouton but, given the opportunity, has provided a more detailed and entirely consistent account of the conversation on several occasions—including in her deposition. There is no reason to set aside statements that are not "inherently inconsistent…but rather as providing additional explanation" at

19

summary judgment. *Dindinger v. Allsteel, Inc.*, 2013 WL 11727240, *12 (S.D. Iowa Nov. 22, 2013) (*citing Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1364-65 (8th Cir. 1983)). *See also City of Joseph v. Southwestern Bell Tel.*, 439 F.3d 468, 475-76 (8th Cir. 2006).

In this case, where Johnson has provided an entirely credible and consistent account of her conversations with Mouton and Hemsley—including in her deposition testimony—there is no basis to disregard that testimony for summary judgment purposes, where the Court must view all facts in the light most favorable to the non-moving party. *See Lewis*, 591 F.3d at 1041; *Back* 365 F.3d at 124. "For purposes of summary judgment, the conflict in these statements must be resolved in favor of [plaintiff], unless the inconsistency represents only an effort by the plaintiff to manufacture a sham issue of fact." *Park Nicolett Health Serv.*, 529 F.3d at 1126.

## IV.   CONCLUSION

Johnson was qualified for the promotion and interviewed for the job. One of the decisionmakers had, in the past, promoted employees with no management experience over those who had some. These facts are not disputed. And a jury should be given the opportunity to weigh Johnson's credibility when she tells them what Walmart told her regarding why she was not selected. Under these facts, a reasonable jury may well find that it was—at least in part—Walmart's stereotypical view of Johnson as a woman that prevented her from obtaining the promotion. Therefore, EEOC respectfully requests that the Court find that there are issues of material fact to be resolved at trial and DENY Walmart's motion.

Dated: May 26, 2023                  Respectfully submitted,

                                    *s/ Miles Shultz*
                                    Miles Shultz
                                    Trial Attorney

                                    U.S. Equal Employment
                                      Opportunity Commission

## **CERTIFICATE OF SERVICE**

I, Miles Shultz, certify that on May 26, 2023, I filed the foregoing document via ECF which will send notification of such filing via e-mail to all counsel of record.

                                    *s/ Miles Shultz*
                                    Miles Shultz
                                    Counsel for Plaintiff EEOC