# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC. and WAL-MART STORES EAST, LP,<br><br>Defendants. | CASE NO. 4:22-cv-00037-SMR-SBJ |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Nothing in the EEOC's Opposition refutes the undisputed facts that Walmart's promotion decision had nothing to do with Johnson's sex or any stereotype of women with small children. No matter how the EEOC characterizes its claim – as sex discrimination, sex-plus discrimination, or sex stereotyping – it must prove discrimination **based on sex** which it cannot do.

## I.  STATEMENT OF UNDISPUTED MATERIAL FACTS

The EEOC does not dispute[1] the majority of Walmart's facts (1-13,15-17, 19-20, 22-40, 43-47, 49-52, 54, 56-58, 64.1,[2] 65-67, 70-71, 73-75, 78). As to the few remaining Facts, the EEOC merely mischaracterized the testimony.[3] For example, Walmart stated that besides not getting the Consumables DM position, Johnson did not claim that Walmart discriminated against her in any other way based on gender and having small children (Fact 77). Yet, the EEOC disputes this fact because Johnson (falsely) referred to "three promotions in her charge" as discriminatory. Johnson admitted the pharmacy department manager promotion was not discriminatory (Dfts' Ex. 4, 100:21-23, Dfts' App. 026), and admitted there was no third promotion even though she falsely indicated under oath in her charge that there was (EEOC Ex. 1, 90:2-93:3, EEOC App. 13-14).[4]

## II.  LEGAL ARGUMENT & ANALYSIS

**A.  THE EEOC'S CLAIM OF SEX DISCRIMINATION FAILS UNDER ANY THEORY.**

The EEOC's attempt to somehow distinguish sex plus and sex stereotyping claims fails – they

---

[1] EEOC responded as qualified as to eight of these facts, but did not dispute those.
[2] Defendants inadvertently included two numbers 63-64 and thus refer to the second set herein as 63.1 and 64.1.
[3] For example, in response to Walmart's Facts 14 and 48, the EEOC states that Mouton did not understand that the GM Support Manager position was a supervisory position just because she stated it was hourly. This was not true as Mouton testified that the hierarchy was "Support Managers and then Department Managers" and that Associates had to answer to Support Managers (Dfts' Ex. 7, Mouton 29:7-12, 79:15-20, Dfts. App. 053, 060). Similarly, in response to Walmart's Facts 41-42, the EEOC seems to suggest that Johnson did not work with Mouton. Johnson clearly testified she worked with Mouton at least once or twice a week after her leave (Dfts' Ex. 4, 73:19-24, Dfts' App. 023).
[4] For purposes of this Motion, construing the facts in the light most favorable to Plaintiff and assuming the statement regarding "having small children" was made as Johnson now alleges, such statement still does not create an inference of sex discrimination. *See* Part III, B, *infra*. It should be noted, however, that the EEOC's denials of Walmart's Facts 59, 61, 62, 63, 64, and 63.1 do not refute the undisputed timeline set forth in its own documents that, for well over a year, Johnson did not mention anything regarding being told that "having small children" was the reason she did not get the promotion (Walmart's Response to EEOC's Facts 9-14, incorporated by reference herein).

are effectively the same.  And, the EEOC must still establish the elements of a sex discrimination claim no matter how framed.  *Lewis v. Heartland Inns of Am., LLC*, 591 F.3d 1033,1038-41 (8th Cir. 2010).  As one court recently explained, sex plus and sex stereotype claims are interchangeable, because the "plus" factor refers to stereotypes or assumptions made about the sex at issue; and, regardless of how framed, the same Title VII standard applies.  *Zerfa v. Acosta, Inc.*, 2023 WL 2713914 *1, 4 (W.D. Pa. 2023) (explaining that the "'plus' indicat[es] stereotypical assumptions about women's childcare responsibilities") (*citing Phillips v. Martin Marietta Corp.*, 400 U.S. 542, 544 (1971); *Weightman v. Bank of NY Mellon Corp.*, 772 F. Supp.2d 693, 701-02 (W.D. Pa. 2011)).  "No special standards apply to sex-plus discrimination, which is just a form of sex discrimination [and the plaintiff must still prove the *prima face* case]." *Id.*  Accordingly, the "plus" factor – the stereotype that **women** with small children are not as committed to work – is exactly what Walmart addressed and refuted in its initial Brief.

**B.     EEOC'S STEREOTYPE ARGUMENT FAILS AS A MATTER OF LAW.**

Regardless of how it frames the claim, the EEOC must prove the *prima facie* elements, including the fourth element which, in a failure to promote claim, typically is proving "(4) similarly situated employees, not part of the protected group, were promoted instead" of plaintiff.  *Jackson v. UPS, Inc.*, 643 F.3d 1081 (8th Cir. 2011).   It cannot do so.  Even if, as the EEOC now argues, it is proving the fourth element in the manner set forth in *Lewis* through an "inference of discrimination" by the "having small children" comment, the claim still fails as set forth below.

    **1.     No comparator evidence**

To satisfy the fourth element using comparator evidence, the EEOC would have to prove that similarly situated *male* employees with small children were promoted over Johnson or other women with small children.  Neither in the position Johnson sought nor the other four promotions involving Mouton or Hemsley were any male employees with small children promoted over females with small

children.  *See* EEOC Ex. 10, EEOC App. 82-86.  *Bostock v. Clayton Cty, GA*, 140 S. Ct. 1731 (2020); *Malark*, 2020 WL 6064508 at *11 (D. Minn. 2020) (*citing Frappied*, 966 F.3d at 1047) ("a female sex-plus plaintiff must show that her employer treated **her unfavorably relative to a male employee who also shares the 'plus-' characteristic….**").

In other words, a female who is stereotyped negatively because of small children must show this stereotype was based on her gender.  If she was not stereotyped differently than males in the same boat – those having small children – the stereotype cannot be gender based.  The EEOC cannot point to any male employee with small children who was treated more favorably than Johnson – this refutes its claim of gender-based stereotyping.  In fact, to the contrary, Johnson advanced further in the promotional process for the Consumables DM position over both males with children and males without children which refutes any alleged sex stereotyping.

In its Brief, the EEOC misses the point.  Even assuming both Mouton and Hemsley were decision makers in the Consumables DM position as the EEOC claims, the five (5) candidates promoted by Mouton and Hemsley were both male and female **and none of them – regardless of gender – had small children** (EEOC Ex. 10, EEOC App. 82-86).  Those male and female candidates without children were all selected over both male and female candidates with small children.  Therefore, the most the EEOC could argue is that the decision makers stereotyped[5] *all* employees with small children regardless of gender.  A stereotype about having small children – in and of itself without regard to sex – is not a violation of Title VII.  *Roberts v. U.S. Post. Gen.*, 947 F. Supp. 282, 288 (E.D. Tex. 1996); *Battino v. Redi-Carpet*, 2021 WL 4144974 (10th Cir. 2021).

2. **Alleged comment**

Because the comparator evidence disproves the EEOC's claim, the EEOC instead hangs its

---

[5] There is no evidence that the decision makers engaged in such stereotyping, but Walmart makes that statement for purposes of this argument only.

3

hat on one alleged comment - that Mouton allegedly told Johnson that she did not get the position "because she had small children at home and they didn't think that she wanted to further her career there." *See* EEOC's Fact No. 4.  Even assuming that statement was made, such a statement in and of itself is gender-neutral.  It makes no reference to gender, it is only critical of those with small children at home, and it is consistent with the comparator evidence which shows that *no one with small children regardless of gender* was promoted by Mouton or Hemsley.  Thus, such a gender-neutral statement cannot satisfy the EEOC's fourth requisite element (nor is it direct evidence).[6]

As the Eighth Circuit held in *Guimaraes v. SuperValu, Inc.*, 674 F.3d 962, 974 (8th Cir. 2012) (post-*Lewis*), "facially neutral" comments, without more, "do not demonstrate animus on the part of the speaker."  In *Guimaraes,* the Court held that the plaintiff could not satisfy the fourth element by claiming her manager had made a negative statement about her "green card" and pretended not to understand her and mocked her accent.  A green card statement was facially neutral and, along with the alleged behavior, did not "give rise to an inference of national origin discrimination." *Id.*  Likewise here, given the circumstances, no reasonable jury could find that a comment of "having small children" gave rise to an inference of *sex* discrimination.

In sum, "**an employer who treats everyone with children poorly does not commit sex-plus discrimination**" because the employer "**is not treating women worse than men,**" only "**men and women with children worse than men and women without children.**"  *Malark*, 2020 WL 6064508 at *11 (D. Minn. 2020) (emphasis added).  The EEOC cannot satisfy this *prima facie* element through the alleged comment or any other evidence.

## C. LEGITIMATE NONDISCRIMINATORY REASONS WERE NOT PRETEXTUAL.

Walmart had legitimate nondiscriminatory reasons to choose Hunt for the promotion:  (1) Hunt

---

[6] *Lewis* is distinguishable because the remarks specifically referred to gender, including "Midwestern *girl* look," and "tomboyish" appearance.  *Lewis*, 591 F.3d at 1041.  No such gender specific comments were made in this case.

4

had never been disciplined; Johnson had, (2) Hunt had supervisory experience; Johnson did not,[7] and (3) Mouton had personally worked with both candidates before making a decision and had specific examples of why Hunt's performance was better.[8]  Furthermore, the facts which refute any claim of pretext have not been disputed:  Walmart follows policies prohibiting discrimination; Johnson could not identify males with small children treated more favorably; Mouton had just had a baby; Mouton encouraged Johnson to apply *after* Johnson had a baby; Mouton advanced three female candidates, including two with children, to the interview stage over any males; etc.  See Walmart's Facts Nos. 4, 5, 6, 26, 27, 31, 32, 33, 34, 75.

No matter how the EEOC tries to spin the facts, it cannot prove that Johnson was treated unfavorably because of her sex, unfavorably because of any sex stereotype about women with children, or unfavorably relative to male employees who also share the "plus" characteristic of having small children.  "The Supreme Court has stated that "'the critical issue' in a sex discrimination case is 'whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed.'"  *Lewis*, 591 F.3d at 1040.  The EEOC cannot show that Johnson was exposed to disadvantageous terms that males were not exposed to as well, and its claim fails as a matter of law.

---

[7]  This was consistent with Mouton's other promotion decision too – in both promotions she made, the candidates selected had supervisory experience (EEOC Ex. 12, EEOC App. 82-86).

[8] The EEOC misstates the testimony to make it sound like Mouton was judging Johnson on performance while she was on breaks to breast pump; this was not the case.  Rather, there were three *separate* specific examples that Mouton gave regarding Johnson that caused her concern (Walmart Fact Nos. 40-46), including:  "Assistant Manager Mouton had worked with Johnson before making a decision.  She had asked Johnson to stock and price candy shelves, then [Mouton] was gone for thirty minutes, and when she [Mouton] returned, Johnson was just waiting for her and had done nothing.... It was a simple task and Johnson had a walkie-talkie and could have radioed for further direction if she needed it." (Walmart Fact 41).  Contrary to the EEOC's attempt to skew the facts, it was Mouton who had left for a while, not Johnson, and when Mouton returned Johnson was still standing there doing nothing.  Mouton testified that Johnson said *"I was waiting for you to get back to know what I needed to do."*  (Dfts' Ex. 7, Mouton Depo. 97:5-24, Dfts' App. 061).

Dated this 2nd day of June, 2023.

                                 WALMART INC. and WAL-MART STORES EAST, LP, Defendants,

                                 By: /s/ Heidi A. Guttau
                                        Heidi A. Guttau (IA# 15513)
                                        Christopher R. Hedican (IA# 16099)
                               of   BAIRD HOLM LLP
                                        1700 Farnam St, Ste 1500
                                        Omaha, NE  68102-2068
                                        Phone: 402-344-0500
                                        Fax: 402-344-0588
                                        Email: hguttau@bairdholm.com
                                        Email: chedican@bairdholm.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 2nd day of June 2023, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

  Miles Shultz – miles.shultz@eeoc.gov
  Kelly Bunch – kelly.bunch@eeoc.gov
  Justin Mulaire – justin.mulaire@eeoc.gov

And I hereby do certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:  N/A

                                         /s/ Heidi A. Guttau

DOCS/2980360.1