# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | NO. 4:22-CV-00037-SMR-SBJ |
| **Plaintiff,** | |
| vs. | **PLAINTIFF EEOC'S MOTIONS IN LIMINE** |
| WALMART INC. and WAL-MART STORES EAST, LP, | |
| **Defendant.** | |

**Table of Contents**

Index of Exhibits ...................................................................................................................... ii

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................... 2

    1. Ordering sequestration of witnesses ..................................................................... 2

    2. Permitting the EEOC to examine certain current and former senior Walmart employees by leading questions ................................................................................................ 2

    3. Excluding derogatory comments about the EEOC, its attorneys, or the federal government ........................................................................................................... 4

    4. Excluding references to EEOC's voluntarily dismissed race discrimination claim ............ 5

    5. Excluding evidence or argument concerning the scope, substance, or merits of the EEOC's underlying administrative investigation ................................................. 6

    6. Excluding evidence or argument that Walmart did not discriminate against mothers other than Tiffanee Johnson ........................................................................................ 7

    7. Excluding evidence or argument regarding Defendant's contention that Johnson resigned from Walmart without providing two weeks' notice ............................................ 9

    8. Excluding evidence or argument on issues of equitable relief, including backpay and mitigation, in the presence of the jury ................................................................ 11

    9. Excluding evidence not previously provided in response to discovery requests ............... 12

**Index of Exhibits**

Exhibit 1   Walmart Rule 26(a) Initial Disclosures

Exhibit 2   Elrod Deposition Transcript

Exhibit 3   Walmart Supp. Rule 26(a) Initial Disclosures

Exhibit 4   Walmart Supp. Response to EEOC Interrogatory No. 21

I.      **INTRODUCTION**

To streamline this jury trial and avoid the introduction of evidence that is irrelevant, prejudicial, or otherwise immaterial, Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") moves for an order on certain evidentiary issues regarding its claims against Defendants Walmart, Inc. and Wal-Mart Stores East, LP (collectively, "Defendants" or "Walmart"). Specifically, Plaintiff seeks an order providing as follows:

1. Ordering the sequestration of witnesses;

2. Permitting the EEOC to examine certain current and former senior Walmart employees by leading questions;

3. Excluding derogatory comments about the EEOC, its attorneys, or the federal government;

4. Excluding references to EEOC's voluntarily dismissed race discrimination claim;

5. Excluding evidence, remarks, or questions concerning the scope, substance, or merits of the EEOC's underlying administrative investigation;

6. Excluding evidence or argument that Walmart did not discriminate against mothers other than Tiffanee Johnson;

7. Excluding evidence regarding Defendant's contention that Tiffanee Johnson resigned from employment with Defendants without providing two weeks' notice;

8. Excluding evidence or argument on issues of equitable relief, including backpay and mitigation, in the presence of the jury; and

9. Excluding evidence not previously provided in response to discovery requests.

## II.     ARGUMENT

1. <u>Ordering sequestration of witnesses</u>

Pursuant to Fed. R. Evid. 615, the EEOC requests that the Court sequester all witnesses from attending the trial or being present in the courtroom prior to their testimony to ensure that their testimony is not influenced by the testimony of other witnesses. ("At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony.") At the appropriate time, the EEOC will request a related jury instruction advising the jury that the witnesses have been excluded from the courtroom during testimony and, therefore, not to infer anything from the absence from the courtroom of Tiffanee Johnson or any other witness called by Plaintiff or Defendant.

2. <u>Permitting the EEOC to examine certain current and former senior Walmart employees by leading questions</u>

The EEOC requests that the Court permit the EEOC to conduct its direct examinations of Kendra Mouton, Patricia Hemsley, and Lisa Elrod by leading questions if the EEOC calls them during its case-in-chief, as they are witnesses identified with an adverse party under Rule 611 of the Federal Rules of Evidence.

A court "should allow leading questions…when a party calls…a witness identified with an adverse party." Fed. R. Evid. 611(c); *see also Scenic Holding, LLC v. New Bd. of Trustees of Tabernacle Missionary Baptist Church, Inc.*, 506 F.3d 656, 664 (8th Cir. 2007) ("The standard, acceptable, and preferred procedure is to permit counsel to lead an adverse or hostile witness on direct examination."). Moreover, leading questions become inappropriate on cross-examination in such a situation. "Generally, when a witness identified with an adverse party is called, the roles of the parties are reversed. Leading questions would be appropriate on direct examination but not on cross-examination." *Alpha Display Paging, Inc. v. Motorola Commc'ns & Elecs., Inc.*,

2

867 F.2d 1168, 1171 (8th Cir. 1989); *see also U.S. v. Cameron-Ehlen Grp., Inc.*, 2023 WL 36174, *7 (D. Minn. Jan. 4, 2023); *Stryker Corp. v. KL Ins. Am.*, 2020 WL 13441655, *3 (W.D. Mi. July 29, 2020).

"Courts have regularly held that current employees of an opposing party constitute witnesses identified with an adverse party." *Cameron-Ehlen Grp., Inc.*, 2023 WL 36174 at *7 (*citing Haney v. Mizell Mem'l Hosp.*, 744 F.2d 1467, 1478 (11th Cir. 1984); *Perkins v. Volkswagen of Am., Inc.*, 596 F.2d 681, 682 (5th Cir. 1979) (cleaned up); *accord Ellis v. City of Chicago*, 667 F.2d 606, 613 (7th Cir. 1981). A former employee of defendant who is one of the alleged bad actors in an employment discrimination case also qualifies as a witness identified with an adverse party under Rule 611(c). *See Chonich v. Wayne Cnty. Cmty. Coll.*, 874 F.2d 359, 368 (6th Cir. 1989); *Doe by Watson v. Russell Cnty. Sch. Bd.*, 2018 WL 1089277, *2 (W.D. Va. Feb 28, 2018). *See also Stryker Corp.*, 2020 WL 13441655 at *3. As does a witness who is represented by the same counsel as the opposing party. *U.S. v. Cameron-Ehlen Grp., Inc.*, 2023 WL 355822, *3 (D. Minn. Jan. 22, 2023).

At the time of the events in question, Mouton was an Assistant Store Manager and Hemsley was a Co-Manager of the Walmart store relevant to this litigation. ECF No. 37-2 at pp. 4, EEOC Resp. to Def. Facts 15-16. Mouton and Hemsley are the alleged discriminating decisionmakers in Johnson's non-promotion. ECF No. 37 at pp. 1-2. Elrod was formerly a Personnel Coordinator and is currently a Digital Team Lead (supervising 48 associates) for Walmart. Ex. 1, Walmart Rule 26(a) Initial Disclosures; Ex. 2, Elrod Dep. 12:5-22. Hemsley and Elrod are current employees of Defendants and are represented by Walmart's counsel. Ex. 1, Walmart Rule 26(a) Initial Disclosures; Ex. 3, Walmart Supp. Rule 26(a) Initial Disclosures. And while Mouton is no longer a Walmart employee, she is also represented by Walmart's

3

counsel in this litigation. Ex. 1, Walmart Rule 26(a) Initial Disclosures. Given that Mouton and Hemsley are the officials whose decisionmaking is being challenged in this litigation, Hemsley and Elrod are current senior Walmart employees, and Mouton is a former manager who is represented by Walmart's counsel, the EEOC asks that the Court permit the EEOC to examine Mouton, Hemsley, and Elrod by leading questions on direct examination and bar Walmart from using leading questions on cross examination during the EEOC's case-in-chief.

3. <u>Excluding derogatory comments about the EEOC, its attorneys, or the federal government</u>

Pursuant to Federal Rules of Evidence 401 and 403, the EEOC requests that Defendant be barred from making derogatory remarks about the EEOC or the federal government generally in the presence of the jury. Questions, argument, or other comments disparaging the federal government in general or the EEOC and its attorneys in particular should be prohibited. In addition to being irrelevant under Federal Rule of Evidence 401, such remarks would be unfairly prejudicial and would confuse the issues in violation of Federal Rule of Evidence 403. Rule 403 allows the court to exclude evidence, even if it is relevant, "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice [or] confusing the issues...." Fed. R. Evid. 403.

The jury will be asked to decide the factual disputes in this case based on the evidence and in accordance with the Court's instructions about the law, and it would be inappropriate to invite the jury to act on anti-government sentiment by casting doubt on the motives of the EEOC or painting the EEOC as "big government" represented by "out of state lawyers" or similar derogatory, irrelevant characterizations. *See, e.g., EEOC v. First Nat. Bank of Jackson,* 614 F.2d 1004, 1008 (5th Cir. 1980) (holding that a claim of malicious prosecution by EEOC is not a valid defense to a Title VII claim); *Mayfield v. White*, 2022 WL 16856378, *2 (W.D. Mo. Nov. 10,

2022) (granting motion *in limine* precluding disparagement of U.S. Attorney's office); *Enslein Trustee for Xurex, Inc. v. Di Mase*, 2019 WL 4306973, * 6 (W.D. Mo. Sept. 11, 2019) (granting motion *in limine* barring evidence of plaintiff's motive in bringing lawsuit); *Energy Heating, LLC v. Heat On-The-Fly, LLC*, 2015 WL 11143139, *1 (D.N.D. August 13, 2015) (granting motion *in limine* precluding use of derogatory references about defendant or its business); *Robinette v. T&N Limited*, 2014 WL 12610153, *2, 9 (W.D. Mo. Feb. 12, 2014) (granting motions *in limine* precluding both parties from disparaging the opposing party or questioning their motives); *Pierce v. Flying J. Travel Plaza*, 2006 WL 8436616, *3 (S.D. Iowa May 4, 2006) (granting motion *in limine* so far as barring any references to party's counsel being from out-of-state state or size of law firm). The EEOC therefore asks the Court to preclude Defendant from making derogatory remarks about the government, its attorneys, or its motives in the presence of the jury, pursuant to Federal Rules of Evidence 401 and 403.

    4.  <u>Excluding references to EEOC's voluntarily dismissed race discrimination claim</u>

The EEOC requests that Defendants be barred from introducing evidence, remarks, or questions in the presence of the jury regarding the EEOC's voluntarily dismissed race discrimination claim. The fact that the EEOC pled but later voluntarily dismissed a racial discrimination claim is irrelevant, unfairly prejudicial, and likely to confuse the jury as to the issues to be decided at trial and should be excluded pursuant to Federal Rules of Evidence 401 and 403. Parties are regularly precluded from making references to voluntarily dismissed claims at trial. *E.g.*, *Raymond v. U.S.A. Healthcare Ctr.-Fort Dodge, L.L.C.*, 2007 WL 1455858 (N.D. Iowa Apr. 5, 2007) (excluding references concerning plaintiff's voluntarily dismissed claims of retaliation). "[T]he fact that [a] [p]laintiff brought claims that have since been dismissed is irrelevant to the issues the jury will be asked to decide." *Wheeler v. Lynn*, 2012 WL 2994270, at *2 (W.D. Mo. July 20, 2012). Evidence relating to dismissed claims have "limited probative

5

value" and are "unfairly prejudicial" and "could unduly confuse the jury" about a plaintiff's remaining claims. *Raymond*, 2007 WL 1455858 at *2.

The EEOC's Complaint in this action alleged two claims: (1) the sex-based non-promotion claim currently at issue and (2) a race-based claim related to Walmart's failure to provide Johnson with a clean space to express breast milk. ECF No. 1, ¶¶ 17-18. The parties later stipulated to a voluntary dismissal of the EEOC's race-based claim related to expressing breast milk. ECF. No. 28. The fact that the EEOC voluntarily dismissed one claim is not relevant to the merits of its remaining non-promotion claim. References to the EEOC's dismissed claim could confuse the jury as to the issues currently in contention. Further, it would be unfairly prejudicial to "impugn the sincerity of the plaintiff's assertion of one claim that the court has found sufficient to go to a jury with the plaintiff's original assertion of other claims that [it] has voluntarily dismissed." *Raymond*, 2007 WL 1455858 at *2. Therefore, the EEOC asks the Court to bar the Defendants from referring to the EEOC's voluntarily dismissed race discrimination claim pursuant to Federal Rules of Evidence 401, 402, and 403.

5. <u>Excluding evidence or argument concerning the scope, substance, or merits of the EEOC's underlying administrative investigation</u>

Pursuant to Federal Rules of Evidence 401 and 403, EEOC requests that the Court bar Defendants from introducing evidence or argument regarding the scope, substance, or merits of the underlying administrative investigation. Such evidence is irrelevant and prejudicial and should be precluded.

Before bringing a suit against an employer, the EEOC must conduct an administrative investigation of the charges, and if that investigation finds reasonable cause of discrimination, then the agency must attempt conciliation efforts. *Mach Mining, LLC v. EEOC*, 575 U.S. 480, 483-84 (2015); *EEOC v. JBS USA, LLC*, 940 F. Supp. 2d 949, 962 (D. Neb. 2013) (citing *EEOC*

*v. Shell Oil. Co.*, 466 U.S. 54, 63-64 (1984)). "'[T]he nature and extent of an EEOC investigation into a discrimination claim is a matter within the discretion of that agency.'" *EEOC v. CRST Van Expedited, Inc.*, 679 F.3d 657, 674 (8th Cir. 2012) (quoting *EEOC v. Keco Indus., Inc.*, 748 F.2d 1097, 1100 (6th Cir. 1984)). Courts review whether an investigation occurred, but courts do "not review the sufficiency of the EEOC's pre-suit investigation because the existence of the investigation satisfies the pre-suit requirements." *JBS USA, LLC*, 940 F. Supp. 2d at 964. Courts "have no business limiting the suit to claims that the court finds to be supported by the evidence obtained in the Commission's investigation." *EEOC v. Caterpillar, Inc.*, 409 F.3d 831, 833 (7th Cir. 2005). "The existence of probable cause is generally and in [the instance of an EEOC investigation] not judicially reviewable." *Id.* at 833. Moreover, alleged inadequacy or incompleteness of an EEOC investigation is an invalid defense against a claim of discrimination. *See e.g.*, *EEOC v. Hibbing Taconite Co.*, 266 F.R.D. 260, 272-73 (D. Minn. 2009) (denying defendant's asserted affirmative defense of "a tainted investigation and reasonable cause finding" by the EEOC).

Arguments about the sufficiency of the EEOC's investigation should be precluded as irrelevant, likely to lead to confusion of the issues, and unfairly prejudicial to the EEOC. *E.g.*, *JBS USA, LLC*, 940 F. Supp. 2d. at 964. Therefore, this Court should prohibit any mention or evidence relating to the scope, substance, and merits of the EEOC's investigation pursuant to Federal Rules of Evidence 401 and 403.

6. <u>Excluding evidence or argument that Walmart did not discriminate against mothers other than Tiffanee Johnson</u>

EEOC requests that the Court exclude evidence, remarks, or questions in the presence of the jury indicating that Walmart did not discriminate against mothers other than Johnson. Specifically, evidence that Walmart promoted other employees who are mothers should be

barred because: (1) any such individuals were not disclosed to the EEOC, despite being responsive to written discovery and (2) such statements would be irrelevant and misleading to the jury.

To the extent that there were other mothers of young children that Walmart did promote, they were not disclosed to the EEOC during discovery. EEOC Interrogatory No. 21 asked Walmart to identify all applicants for management positions at the relevant store since 2015, including whether the applicant had young children and whether the applicant was selected for the position. Ex. 4, Walmart Supp. Response to Interrogatory No. 21. Defendants objected that the request was overly broad, unduly burdensome, and irrelevant because it sought information on promotions other than the promotion at issue in this case, for decisionmakers other than the those who made the decision at issue in this case, and for too broad of a time period. *Id*. Ultimately, Defendants agreed to produce information on the four promotion decisions made by manager Patricia Hemsley between March 2017 and March 2020. *Id*. None of the four selectees were mothers of young children. *Id*. Because Defendants argued that any other promotions were not relevant and refused to produce information on them in discovery, Defendants should be barred from introducing evidence that it did promote other mothers at trial.

Further, even if it had been produced during discovery, evidence that Walmart has treated other employees who are mothers favorably should be excluded because it does not dispel the inference that it discriminated against Johnson. *See, e.g., Deneen v. N.W. Airlines, Inc.*, 132 F.3d 431, 437 (8th Cir. 1998) (holding that comparing the treatment of plaintiff to that of other pregnant employees is not the relevant question in a pregnancy discrimination case); *Diaz v. Kraft Foods Global, Inc*., 653 F.3d 582, 587-88 (7th Cir. 2011) (holding that good treatment of one employee is not evidence that there was no discriminatory treatment of another in the same

class); *see also Connecticut v. Teal*, 457 U.S. 440, 453-54 (1982) (holding that employer may not argue that, at the bottom line, it did not engage in race discrimination because it hired proportionately more blacks than were discriminatorily excluded). "[T]he duty not to discriminate is owed to each minority employee, and discrimination against one of them is not excused because the employer does not discriminate against all of them." *Graham v. Bendix Corp.,* 585 F. Supp. 1036, 1046 (N.D. Ind. 1984). It is no defense to a current discrimination claim to assert that the employer is not discriminating against another employee in the same protected category; there is no "one free bite of the apple" defense. Therefore, such evidence should be excluded pursuant to Fed. R. Evid. 401 and 403.

Walmart should also be barred from introducing generalized testimony or argument that it treats employees who are mothers well because such statements would be irrelevant and misleading to the jury. Such evidence or argument would create an implication that the EEOC is obligated to produce evidence that other mothers were also discriminated against. Because no such obligation exists, Walmart should not be permitted to imply that it does exist or otherwise confuse the jury with irrelevant information. As discussed above, Walmart's treatment of other mothers is irrelevant to whether Walmart discriminated against Tiffanee Johnson. Fed. R. Evid. 401-403; *Teal*, 457 U.S. at 453-54; *Deneen*, 132 F.3d at 437. Whether Walmart did or did not discriminate against other mothers is not at issue in this litigation and has no bearing on whether Walmart had a legitimate, non-discriminatory reason not to promote Johnson. *Id*.

7. Excluding evidence or argument regarding Defendant's contention that Johnson resigned from Walmart without providing two weeks' notice

The EEOC requests the Court bar any evidence regarding whether Ms. Johnson provided advance notice to Walmart when she resigned. Walmart asserts that Johnson resigned from Walmart without notice. While the EEOC disputes that Johnson quit without notice, even if she

did, Johnson left Walmart three months after Walmart failed to promote her to the department manager position at issue in this case. Therefore, how Johnson left her employment with Walmart is not relevant and more prejudicial than probative, would confuse and mislead the actual issue the jury needs to decide, and would generally waste trial time. Fed. R. Evid. 403.

Only relevant evidence is admissible at trial, while evidence that is not relevant is inadmissible. Fed. R. Evid. 402. Relevant evidence is that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" and "is of consequence in determining the action." Fed. R. Evid. 401. In determining the relevancy of the evidence at issue in a case, the Court must look to what elements a party must prove. *See United States v. Golding*, 833 F.3d 914, 918 (8th Cir. 2016); see also *United States v. McCorkle*, 688 F.3d 518, 521 (8th Cir. 2012). Evidence is properly excluded where it does not go to any element of the offense with which the defendant is charged. *See Golding*, 833 F.3d at 918; *see also United States v. Elbert*, 561 F.3d 771, 777 (8th Cir. 2009). Since Johnson's resignation notice has no bearing on whether the EEOC can prove Walmart failed to promote her because of her sex, whether or not she provided notice of her resignation three months later is irrelevant and not admissible.

Additionally, under Rule 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *See also United States v. Muhlenbruch*, 634 F.3d 987, 1001 (8th Cir. 2011). The introduction of evidence of whether Johnson did or did not provide notice of her resignation would have the overall effect of creating a negative impression of Johnson that could influence the jury's evaluation of Johnson's entitlement to relief in this case.

Therefore, such evidence should be excluded because it would be unfairly prejudicial to the EEOC. *See Muhlenbruch*, 634 F.3d at 1001 (explaining that evidence may be excluded pursuant to Rule 403 if it has an unfair tendency to suggest decision on an improper basis); *Peters v. Risdal*, No. C 12-4070-MWB, 2013 U.S. Dist. LEXIS 193054, at *23 (N.D. Iowa Dec. 5, 2013) (finding that evidence regarding prior misconduct of party was "unlikely to be relevant and admissible" in the case and would be unfairly prejudicial in that it might invite a decision on the improper basis).

8. <u>Excluding evidence or argument on issues of equitable relief, including backpay and mitigation, in the presence of the jury</u>

In order to streamline the trial, and consistent with the legal damages available under Title VII, the EEOC moves to exclude evidence, questions, or argument regarding the equitable relief sought by the EEOC, including backpay, and its subsidiary issue of mitigation, in the presence of the jury.

Under Title VII, backpay is an equitable remedy and is not a component of compensatory damages. *See* 42 U.S.C. § 2000e-5(g)(1) (authorizing injunctions, backpay and "other equitable relief"); 42 U.S.C. § 1981a(b)(2) ("Compensatory damages awarded under this section shall not include backpay...."). Accordingly, while liability and damages (including compensatory and punitive damages) are jury questions, backpay is decided by the Court. *See Anderson v. Richardson*, 145 F. Supp. 2d 1139, 1144 (D.N.D. 2001) ("Whether to award back pay is an equitable remedy and thus a question for the court, not a jury."); *Doe v. Oberweiss Dairy,* 456 F.3d 704, 714 (7th Cir. 2006); *Pals v. Schepel Buick*, 220 F.3d 495, 500-01 (7th Cir. 2000) ("Back pay and front pay are equitable remedies under § 706(g)(1) [of Title VII, 42 U.S.C. § 2000e-5(g)(1)] and therefore matters for the judge...."); *see also* 42 U.S.C. § 1981a(c)(1) (providing for jury trial where complaining party seeks compensatory or punitive damages).

11

Backpay includes the subsidiary issue of mitigation of backpay damages, which is also for the Court to decide. *See, e.g., Stragapede v. City of Evanston*, 865 F.3d 861, 864 (7th Cir. 2017).

While the EEOC seeks both damages and equitable relief in this suit, the jury need only hear evidence and argument regarding liability and legal damages. Issues of backpay and mitigation, along with other equitable relief sought by the EEOC, should be resolved by the Court in post-trial briefing. This will serve the interest of judicial economy by streamlining the evidence presented to, and questions to be decided by, the jury. Accordingly, the EEOC respectfully requests that the Court allow for the evidence pertaining to equitable relief to be presented to the Court alone. In the interest of efficiency, EEOC suggests that issues of equitable relief be resolved through post-trial briefing and only after a finding for the EEOC on liability. If the Court is averse to this proposition, evidence on equitable relief could also be presented in an evidentiary hearing after the liability verdict or at the end of a trial day after the jury has been excused.

9. <u>Excluding evidence not previously provided in response to discovery requests</u>

The EEOC requests that the Court preclude each party from using at trial any documents and information that are responsive to a discovery request in this litigation and that the party failed to disclose or provide to the other party during discovery, and any testimony related to the documents and information that were not produced.

Federal Rule of Civil Procedure 37(c)(1) provides that a party who fails to provide information required by Federal Rule of Civil Procedure 26(a) or (e) "is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Federal Rule of Civil Procedure 26(e) specifically provides that "[a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct

its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Furthermore, although Rule 26(e) refers to a failure to supplement or correct responses to discovery requests, the EEOC also requests that, to the extent a party failed or refused to provide any response to a discovery request at all, it be precluded from admitting at trial any documents responsive to those same discovery requests.

After the close of discovery, courts have enforced this provision and prohibited parties from introducing evidence responsive to a discovery request on a motion, at a hearing, or at trial unless it was previously disclosed in response to that discovery request. S*ee Carmody v. Kansas City Bd. of Police Comm'rs*, 713 F.3d 401, 405 (8th Cir. 2013) ("The district court has discretion under Rule 37(c)(1) to apply sanctions against a party who has failed to satisfy initial or supplemental disclosure requirements; for example, excluding the evidence or testimony entirely."). "When fashioning a remedy, the district court should consider, inter alia, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (cleaned up).

Therefore, the EEOC requests that where a party failed to supplement, correct, or otherwise did not respond to a discovery request, the Court preclude that party from introducing documents or other evidence not previously produced that are responsive to discovery requests or from eliciting testimony at trial from testifying about matters related to the documents or information that the party did not produce.

## III.     CONCLUSION

For the reasons stated above, Plaintiff EEOC respectfully seeks an order on the above evidentiary issues in advance of trial. Such rulings will expedite trial and lead to an orderly presentation of the evidence.

Dated: July 6, 2023                                             Respectfully submitted,

*s/ Elizabeth B. Banaszak*
Elizabeth B. Banaszak
Trial Attorney

Miles Shultz
Trial Attorney

U.S. Equal Employment
 Opportunity Commission
230 S. Dearborn St., Suite 2920
Chicago, IL  60604


## CERTIFICATE OF SERVICE

I, Elizabeth Banaszak, certify that on July 6, 2023, I filed the foregoing document via ECF which will send notification of such filing via e-mail to all counsel of record.

*s/ Elizabeth B. Banaszak*
Elizabeth B. Banaszak
Counsel for Plaintiff EEOC