**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>          Plaintiff,<br><br>v.<br><br>WALMART INC. and WAL-MART STORES EAST, LP,<br><br>          Defendants. | CASE NO. 4:22-cv-00037-SMR-SBJ<br><br>**DEFENDANTS' BRIEF IN SUPPORT OF MOTION IN LIMINE** |

Defendants Walmart Inc. and Wal-Mart Stores East, LP (collectively "Walmart"), submit this Brief in support of their Motion in Limine. For the reasons and authority below, the Court should exclude any evidence, exhibits, examination, testimony, and argument on the subjects delineated herein.

**LEGAL ARGUMENT AND AUTHORITIES**

**A.    ANY SUBJECTIVE WITNESS OPINIONS REGARDING WHETHER WALMART ENGAGED IN DISCRIMINATION SHOULD BE EXCLUDED.**

The Court should not allow EEOC witnesses or others to testify as to their subjective beliefs that Walmart engaged in discrimination or otherwise violated the law. Such evidence is inadmissible at trial. Testimony regarding subjective opinions is irrelevant, unfairly prejudicial and not helpful to the trier of fact and is inadmissible if "it draws inferences or reaches conclusions within the jury's competence or within an exclusive function of the jury." *Nichols v. Am. Nat'l Ins. Co.,* 154 F.3d 875, 883 (8th Cir. 1998) (citing *U.S. v. Call,* 129 F.3d 1402, 1406 (10th Cir. 1997), cert. denied, 524 U.S. 906 (1998)); *Willco Kuwait (Trading) S.A.K. v. deSavary,* 843 F.2d 618, 624 (1st Cir. 1988); Fed. R. Evid. 401-403, 602, 701; *Bradley v. Widnall,* 232 F.3d 626, 632 (8th Cir.

2000) (requiring plaintiff to provide evidence beyond her own speculation that she was mistreated to survive summary judgment), *abrogated on other grounds by Torgerson v. City of Rochester,* 643 F.3d 1031 (8th Cir. 2011).

Plaintiff also should not be allowed to ask third-party witnesses whether they subjectively feel that Walmart treated the underlying claimant, Tiffanee Johnson ("Johnson") unfairly or discriminated against her, or to ask Johnson to testify as to her own subjective belief that Walmart discriminated against her. *Id. See also Stewart v. City of St. Louis*, No. 4:04CV885 RWS, 2006 WL 1663023, at *7 (E.D. Mo. June 9, 2006), aff'd, 532 F.3d 939 (8th Cir. 2008) ("Whether [plaintiff] 'thought' that the [defendant] intentionally discriminated against him, or that he 'thought' the test itself was discriminatory is, again, a subjective belief that does not constitute admissible evidence."); *Kocher v. Loyola Univ.*, 1997 WL 79299 *1, 1 (E.D. La. 1997) ("Testimony based on mere personal belief, conjecture or speculation that [an employer] discriminated against plaintiff is excludable."). Accordingly, such testimony is inadmissible, as well as irrelevant and highly prejudicial, and would seek conclusions that are within the exclusive role of the factfinder.

**B.  ANY REFERENCE TO PREVIOUSLY UNDISCLOSED DAMAGES OR DAMAGES WHICH THE JURY IS NOT PERMITTED TO AWARD SHOULD BE EXCLUDED.**

The Court should preclude EEOC from introducing evidence or referring to categories of damages that may not be awarded by the jury, such as injunctive relief or argue that a verdict against Defendant could result in any equitable relief which the jury has no power to award. *See* Fed. R. Evid. 401-403.

**C.   INFORMATION REGARDING OTHER LAWSUITS OR CHARGES AGAINST WALMART IS INADMISSIBLE.**

Except to inquire about prospective jurors' potential involvement in lawsuits against Walmart as evidence of bias, any testimony or evidence regarding other litigation or charges of discrimination involving Walmart is irrelevant, unduly prejudicial, misleading and inadmissible.  *See* Fed. R. Evid. 401-403.  Additionally, the evidence would constitute hearsay.  Fed. R. Evid. 801-802; *see, e.g., Insignia Sys. Inc. v. News Am. Mktg. In-Store, Inc*, 2011 WL 382964, at *2 (D. Minn. Feb. 3, 2011) ("Allegations in prior lawsuits are clearly hearsay").  Walmart's litigation history has no relevance to this matter and would only serve to confuse or distract the jury.

**D.   IMPROPER COMPARISONS TO FINANCIAL STATUS SHOULD BE EXCLUDED.**

The EEOC should refrain from making any comment or reference to Walmart's wealth or size, to Johnson's own financial status, or comparing Walmart's wealth or size to that of the EEOC or Johnson, including any comments or references that characterize this case as one that could be perceived as involving an individual against a large company.  Such comparison is irrelevant and unfairly prejudicial to Walmart.  Fed. R. Evid. 401-403; *Pina v. American Shaman Franchise, LLC*, 2023 WL 2335670, Slip Op. at *5 (W.D.Mo. Mar. 2, 2023); *Hurley v. VendTech-SGI, LLC,* 2018 WL 1077316, at *1 (W.D.Mo. Feb. 26, 2018); *see also Campen v. Stone,* 635 P.2d 1121, 1132 (Wyo. 1981) (reversing jury verdict); *Bindl v. General Cas. Co. of Wisconsin*, No. LACV321414, 2022 WL 3211569, at *1 (Iowa Dist. June 07, 2022) (granting motion in limine regarding references to wealth of the parties as irrelevant and prejudicial).

**E.   ARGUMENT REGARDING THE "GOLDEN RULE" IS IMPROPER.**

The EEOC should be prohibited from asking the jury to envision themselves in

Johnson's position or put themselves into Johnson's place and to award Johnson or the EEOC what the jury would want if they were allegedly similarly damaged.  Fed. R. Evid. 403.  "Golden rule" arguments are widely recognized as improper.  *See, e.g., United States v. Palma,* 473 F.3d 899, 902 (8th Cir. 2007); *Grossman v. McDonough,* 466 F.3d 1325, 1348 (11th Cir. 2006); *Blevins v. Cessna Aircraft Co.,* 728 F.2d 1576, 1580 (10th Cir. 1984); *Brown v. State,* 332 P.3d 1168, 1175 (Wyo. 2014) (internal citations omitted).  Accordingly, any such argument or testimony should be excluded.

**F.    SOLICITATION OF JUROR PROMISES IS IMPROPER.**

EEOC's counsel should be precluded from asking any questions on voir dire or making arguments that request jurors promise to do or not to do something.  Such promises may impede the jury's ability to follow the Court's instructions or to remain impartial throughout the case.

**G.    EVIDENCE OF SETTLEMENT DISCUSSIONS OR NEGOTIATIONS SHOULD BE EXCLUDED.**

Offers of compromise or conduct/statements made during settlement discussions or negotiations are inadmissible and irrelevant under both Fed. R. Evid. 401 and 408.

**H.    DISPOSITION OF PRETRIAL MOTIONS OR DISCOVERY DISPUTES IS IRRELEVANT.**

The EEOC should be precluded from making any reference or comment regarding any action of this Court concerning any pretrial motions or discovery matters, including, but not limited to, motions for summary judgment and motions in limine.  The dispositions of these motions are irrelevant, would be unfairly prejudicial, and would mislead and confuse the jury.  Fed. R. Evid. 401-403.  The EEOC also may not argue facts to the jury that have been excluded from evidence, either directly or indirectly, by suggesting that

the facts could have been proven but for Walmart's objections.  *See, e.g., Guzman v. Abbott Lab.*, 61 F. Supp. 2d 784, 785 (N.D. Ill. 1999); *Sanford v. Ektelon/Prince Sports Group, Inc.*, 1999 WL 33544436 *1, 4 (D. Neb. 1999) (referring to discovery dispute and orders is irrelevant, unfairly prejudicial, and inadmissible).

**I.    EVIDENCE OF OR REFERENCES TO PLAINTIFF EEOC'S OWN FACT FINDINGS OR REASONABLE CAUSE DETERMINATION ARE INADMISSIBLE.**

Plaintiff EEOC and Johnson should also be precluded from referring to or offering evidence of Plaintiff's own findings of fact and/or determinations of cause in regard to Johnson's underlying Charge of Discrimination.  Such evidence is not relevant and any alleged probative value would be substantially outweighed by the danger of unfair prejudice and misleading the jury.  Fed. R. Evid. 401-403.  *Pina v. Am. Shaman Franchise, LLC.*, 2023 WL 2335670 *1, 2 (W.D. Mo. 2023) (excluding any evidence, arguments, suggestions and inferences about findings of discrimination by the EEOC); *Lenius v. Deere & Co.*, 2015 WL 3505747 (N.D. Iowa 2015) (EEOC conclusions "have minimal relevance, if any").

**J.    REFERENCES TO CLAIMS OR EVENTS THAT HAVE BEEN DISMISSED OR ARE NOT INCLUDED IN THE LAWSUIT OR TIMEBARRED SHOULD BE EXCLUDED.**

The EEOC originally included in this lawsuit a claim of race discrimination in regard to Ms. Johnson's space for pumping after having her baby.  The EEOC later voluntarily dismissed that claim (Filing No. 28).  Johnson also testified regarding other events at work which she believed were discriminatory but which were not included in this lawsuit, her underlying Charge, and/or were otherwise time barred.  Accordingly, the EEOC and Johnson should be precluded from referring to such claims or events, including but not limited to, any claim that Johnson was treated unfairly in regard to her pumping space.

**K.    EVIDENCE OF EMOTIONAL DISTRESS NOT RELEVANT TO PLAINTIFF'S CLAIMS SHOULD NOT BE ADMITTED.**

The Court should exclude testimony from any other persons concerning the emotional impact of Walmart's alleged conduct on them, such as Johnson's boyfriend or family members, as irrelevant and unfairly prejudicial. *See Dresser v. Cradle of Hope Adoption Ctr., Inc.*, 421 F. Supp. 2d 1024, 1028 (E.D. Mich. 2006) (granting motion to exclude evidence of damages to plaintiff's family members who were not parties to the action).

**L.    THE COURT SHOULD EXCLUDE ANY "ME TOO" EVIDENCE.**

The Court should also exclude any evidence by the EEOC or Johnson regarding other employees whom they believe Walmart failed to promote or discriminated against based on their sex, or "me too" evidence. Trial courts may deem such evidence inadmissible, especially when it is not closely related to plaintiff's circumstances and theory of the case. *Sprint/United Mgt. Co. v. Mendelsohn,* 552 U.S. 379, 388 (2008). Accordingly, "[t]rial courts regularly prohibit 'me too' evidence from or about other employees who claim [similar] treatment because it is highly prejudicial, but only slightly relevant." *Reed v. Nat'l Linen Serv.,* No. 97-5545, 1999 WL 407463, at *7 (6th Cir. June 2, 1999). Specifically, courts have looked at whether the comparators "dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances." *Lynn v. Deaconess Med. Ctr.*, 160 F.3d 484, 487 (8th Cir. 1998), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011); *see also Aramburu v. Boeing Co.*, 112 F.3d 1398, 1404 (10th Cir. 1997). *See* Fed. R. Evid. 401-402.

**M.    THE COURT SHOULD EXCLUDE TESTIMONY FROM FORMER COWORKERS REGARDING JOHNSON'S SKILLS, CHARACTER, AND PERFORMANCE.**

The Court should exclude testimony from Johnson's former coworkers or others regarding her work skills, performance, and character under Fed. R. Evid. 401, 402, 403, 404, and 600.  In employment cases, only the opinion of the decision-maker is relevant.  *See, e.g., Bradley v. Harcourt, Brace & Co.,* 104 F.3d 267, 270 (9th Cir. 1996); *Manna Pro Ptrs v. NLRB,* 986 F.2d 1346 (10th Cir. 1993); *Carr v. Woodbury Co. Juvenile Detention* 905 F. Supp. 619 (N.D. Iowa 1995).  Therefore, testimony or evidence from coworkers or customers as to her skills or whether she should have gotten the promotion at issue is irrelevant and inadmissible.  *Brice v. Joule, Inc.,* 2000 WL 1225547 *2 (4th Cir. 2000) (unpublished) ("it is the perception of the decision-maker, not the opinions of co-workers, that is relevant") (*citing Tinsley v. First Union Nat'l Bank,* 155 F.3d 435, 444 (4th Cir. 1998)); Fed. R. Evid. 401, 403, 404, and 802.

## CONCLUSION

Walmart respectfully requests that the Court enter an order in limine directing Plaintiff, Plaintiff's counsel, and any witness called by Plaintiff, to refrain from offering into evidence, discussing, mentioning, arguing, or alluding to any of the topics described above.

Dated this 6th day of July, 2023.

WALMART INC. and WAL-MART STORES EAST, LP, Defendants,

By: /s/ Heidi A. Guttau

of

Heidi A. Guttau (IA# 15513)
Christopher R. Hedican (IA# 16099)
BAIRD HOLM LLP
1700 Farnam St, Ste 1500
Omaha, NE  68102-2068
Phone: 402-344-0500
Fax: 402-344-0588
Email:  hguttau@bairdholm.com
Email:  chedican@bairdholm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of July 2023, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Miles Shultz – miles.shultz@eeoc.gov
Kelly Bunch – kelly.bunch@eeoc.gov
Justin Mulaire – justin.mulaire@eeoc.gov
Elizabeth Banaszak – elizabeth.banaszak@eeoc.gov

And I hereby do certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

N/A

/s/ Heidi A. Guttau

DOCS/2997399.2