# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br>vs.<br><br>WALMART INC. and WAL-MART STORES EAST, LP,<br><br>Defendant. | NO. 4:22-CV-00037-SMR-SBJ<br><br><br>FINAL PRETRIAL ORDER<br>(PROPOSED) |

This final pretrial order was entered on: December __, 2023.  The court expects the parties to comply fully with this order.

The following counsel will try the case:

1. For plaintiff:

    Elizabeth Banaszak
    230 S. Dearborn St., Suite 2920
    Chicago, IL  60604
    (312) 872-9676
    Elizabeth.Banaszak@EEOC.Gov

    Justin Mulaire
    230 S. Dearborn St., Suite 2920
    Chicago, IL  60604
    (312) 872-9666
    Justin.Mulaire@EEOC.Gov

2. For defendants:

    Heidi Guttau
    Baird Holm LLP
    1700 Farnam Street
    Omaha, NE  68102
    (402)636-8212
    hguttau@bairdholm.com

    Christopher Hedican
    Baird Holm LLP
    1700 Farnam Street
    Omaha, NE  68102
    (402)636-8311
    chedican@bairdholm.com

Accordingly,

**IT IS ORDERED:**

I.    The parties agree that the following facts are true and undisputed:

    A.  In June 2014, Walmart hired Tiffanee Johnson as a part-time Overnight Stocker Associate at its store located in Ottumwa, Iowa.

    B.  Johnson later became a full-time Modular Team Associate, working on the placement of items on shelves, on the overnight shift.

    C.  Beginning on or about October 20, 2017, Johnson took twelve weeks of maternity leave.

    D.  Johnson returned from maternity leave on or around January 16, 2018.  Before returning, she applied for and received a full-time Fabrics and Crafts Associate position on the daytime shift.

    E.  At that time, Assistant Manager Kendra Mouton had been an Assistant Manager at the Ottumwa store since 2016.

    F.  Co-Manager Patti Hemsley had been a Co-Manager at the Ottumwa store since 2009.

    G.  Assistant Manager Mouton reported to Co-Manager Hemsley.

    H.  Hillary Elko was the Ottumwa Store Manager.

    I.  On or about February 21, 2018, Johnson updated her career preferences in Walmart's computer system to indicate her interest in a promotion to the Consumables Department Manager position.

    J.  Assistant Manager Mouton selected three candidates to interview from a pool of nine internal candidates.  Tiffanee Johnson was interviewed for the Consumables Department Manager position along with two other candidates, Abigail Hunt and Chastity McNabb.

  K. Mouton conducted the interviews of Tiffanee Johnson, Abigail Hunt, and Chastity McNabb.

  L. Abigail Hunt was selected for the Consumables Department Manager position on or about March 1, 2018.

## II. **EXHIBITS:**

  A. The parties agree that the following exhibits shall be considered to be already in evidence at the trial without further offer, proof or objection. Specifically, the parties agree that both plaintiff's and defendant's exhibits listed under this portion (Paragraph IIA) of the final pretrial order are in evidence at the commencement of the trial and available for use by any party at any stage of the trial.

    1. Plaintiff's Exhibits

| No. | Description |
|---|---|
| 1 | WM_Johnson_0001961-62 Hiring Process Chart |
| 2 | WM_Johnson_0001584-87 Consumables Department Manager Job Description |
| 3 | WM_Johnson_0001917-25 Hiring Guidance |
| 4 | WM_Johnson_0001935-39 Interview Guidance |
| 5 | WM_Johnson_0001945-50 Selecting Applicants Guidance |
| 6 | WM_Johnson_0002015-16 Hiring Overview |
| 7 | EEOC_0000430-447 Tiffanee Johnson/Samantha Finn Facebook Messages |
| 8 | WM_Johnson_0000346 Tiffanee Johnson Employment History Report |
| 9 | WM_Johnson_0000356 Tiffanee Johnson Customer Service Scheduling Availability, Associate |
| 10 | WM_Johnson_0000466 Tiffanee Johnson Full-Time/Part-Time Classification Change Associate Acknowledgement |
| 11 | WM_Johnson_0000354 Tiffanee Johnson Exit Interview Form |
| 12 | WM_Johnson_000343 Tiffanee Johnson Performance Evaluation Report |
| 13 | WM_Johnson_0001289 Abigail Hunt Employment History Report |
| 14 | WM_Johnson_0000629 Abigail Hunt Performance Evaluation Report |
| 15 | WM_Johnson_0000509 Kendra Mouton Performance Evaluation Report |

| 16 | WM_Johnson_0000506 (for backpay only/not for presentation to jury[1])[2] Abigail Hunt Earning History |
| --- | --- |
| 17 | WM_Johnson_0000347 (for backpay only/not for presentation to jury) Tiffanee Johnson Earning History |
| 18 | WM_Johnson_0000514 Kendra Mouton Training Report |

2. Defendant's Exhibits

| No. | Description |
| --- | --- |
| 201 | Tiffanee Johnson Orientation Checklist |
| 202 | Walmart's Discrimination & Harassment Prevention Policy |
| 204 | 1/3/2015 Coaching/Discipline of Tiffanee Johnson |
| 205 | 8/8/2015 Coaching/Discipline of Tiffanee Johnson |
| 206 | 8;/23/2015 Coaching/Discipline of Tiffanee Johnson |
| 207 | Coaching/Discipline History of Tiffanee Johnson (redacted) |
| 211 | Walmart Department Manager Job Description |
| 212 | General Merchandise Support Manager Job Description |
| 213 | Tiffanee Johnson's Declaration (redacted) |
| 214 | Requisition Data for Consumables Department Manager Position |
| 215 | Johnson's Scheduling Availability |
| 220 | Johnson's FMLA approval form for late 2017-early 2018 (WM_Johnson_000004) |
| 221 | Job Postings and Transfer Policy (WM_Johnson_000450-451) |
| 222 | Global Statement of Ethics Policy (WM_Johnson_000522-559) |
| 223 | Job Description for Sales Associate (WM_Johnson_000619-621) |
| 225 | Applicant History - CPG 1221 (WM_Johnson_0001812) |
| 226 | Job Opportunities/View Positions Filled - CPG 1207 (WM_Johnson_0001957-1960) |
| 227 | Orientation Process - CPG 1218 (WM_Johnson_0001845-1854) |
| 228 | Job Offer Acceptance of Abigail Hunt (WM_Johnson_0002174) |

---

[1].Backpay is an equitable remedy to be decided by the Court. Order, ECF No 60 at 8. Therefore, Plaintiff objects to any exhibits that are relevant solely to backpay or mitigation being presented to the jury. As discussed in its motions in limine (ECF No. 41, p. 15), the EEOC proposes that backpay be addressed after trial and believes that mitigation, as a defense to backpay, should also be resolved by the Court. Typically backpay can be addressed in post-trial briefing. Moreover, this serves the interest of judicial economy, as the issue need only be addressed in the event of a liability finding for Plaintiff. In the event that the Court needs to receive further evidence related to backpay, it could do so in a post-trial evidentiary hearing or during trial by hearing such evidence near the end of a trial day, outside the presence of the jury.

[2] Defendant disagrees that the back pay exhibits cannot be presented to the jury for the reasons set forth in its Trial Brief, the 8th Circuit Civil Jury Instructions which instruct the jury on back pay, and based on the Court's ruling, ECF No. 60 p. 8, which provides that mitigation is a jury question.

| | |
|---|---|
| 229 | Success and Requisition Data for GM Support Managers Hired by P. Hemsley (WM_Johnson_0002182) |
| 236 | Proof of Johnson's Post-Resignation Income (EEOC_0000450-461)[3] |

B. Parties want to introduce into evidence the following exhibits to which all foundation, identification, and authenticity objections are waived but to which an opposing party objects on the grounds noted. It is further agreed that any exhibit listed in this paragraph may be used by any other party provided that party establishes that the exhibit is otherwise admissible.

1. Plaintiff's Exhibits

| No. | Description | Objection |
|---|---|---|
| 19 | WM_Johnson_0000445 Walmart Breastfeeding Mothers' Support Policy | Relevance; Materiality, Rules 401-403, Unduly Prejudicial and likely to confuse the jury; pertains to dismissed claim |
| 20 | WM_Johnson_0000623 Walmart Breastfeeding Mothers' Support Policy Management Guidelines | Relevance; Materiality; Rules 401-403, Unduly Prejudicial and likely to confuse the jury; pertains to dismissed claim |
| 21 | WM_Johnson_0000461-465 Tiffanee Johnson Estimated Associate Commendation Forms | Relevance; Materiality; Rules 401-403, Unduly Prejudicial |
| 22 | WM_Johnson_0000624 Abigail Hunt Exit Interview Report | Relevance; Materiality, Rules 401-403; Hearsay |
| 23 | WM_Johnson_0000510 Kendra Mouton Exit Interview Report | Relevance; Materiality, Rules 401-403; Hearsay |
| 24 | Excerpt of Walmart Second Supp Answer to EEOC Third Set of Interrogatories, Response to Interrogatory No. 21 (Redacted) | Cumulative; relevance as the decision maker will testify; hearsay |
| 25 | Walmart Answer to EEOC First Set of Amended Interrogatories, Response to Interrogatory No. 8 (Redacted) | Cumulative; relevance as the decision maker will testify; hearsay |
| 26 | Walmart Supplemental Response to EEOC 3rd Request for the Production of Documents, Response to Request No. 28 (Redacted) | Rule 401-403 as irrelevant, prejudice outweighs any probative value, materiality; hearsay |

---

[3] EEOC does not object to the admission of this document into evidence but does object to it being presented to the jury because it is relevant only to backpay/mitigation. See FN 1.

2. Defendant's Exhibits

| No. | Description | Objection |
|---|---|---|
| 203 | Walmart's Open Door Communications Policy | FRE 403. This document is likely to confuse the issues and mislead the jury. |
| 208 | Tiffanee Johnson's EEOC Charge of Discrimination ((redacted) | FRE 802, Hearsay. See EEOC's Trial Brief re: Johnson's statements are not statements of a party-opponent. EEOC further objects as to relevance pursuant to FRE 401/402.<br><br>FRE 608(b); 401/402/403. Extrinsic evidence of other promotions that Johnson applied for and believed she did not receive due to discrimination, but that are not being challenged in this lawsuit, offered for the purpose of challenging Johnson's credibility should be excluded under FRE 608(b). *U.S. v. Martz*, 964 F.2d 787, 789 (8th Cir. 1992) (FRE 608(b) precludes introduction of extrinsic evidence to challenge witness credibility to prevent "mini-trials on peripherally related or irrelevant matters"). Further, such evidence is irrelevant to the claim at issue in this trial and likely to result in unfair prejudice, confusion of the issues, and mislead the jury. See also ECF No. 60, Order re Motions in Limine, p. 4 (holding that whether Johnson initially believed she was subject to other acts of discrimination that are not part of this lawsuit is irrelevant to the merits of the EEOC's claim).<br><br>Should the Court allow Walmart to refer to Johnson's allegations of race discrimination despite the Motion in Limine ruling to the contrary, EEOC also objects to the redactions of this document pursuant to FRE 106. |
| 209 | Complaint (redacted) | FRE 401/402/403. EEOC's Complaint is not itself evidence so it is irrelevant and contains information that is likely to confuse the jury. |
| 210 | Tiffanee Johnson's EEOC Intake Form (redacted) | FRE 401/402; 802. This document is irrelevant. This document is also hearsay. See EEOC's Trial Brief re: Johnson's statements are not statements of a party-opponent. EEOC further objects to the references to race discrimination pursuant to ECF No. 60, Order re Motions in Limine, p. 4-5 (barring evidence that Johnson also initially complained of race discrimination to the EEOC). |
| 216 | Messages between Johnson and Tana Maxwell | FRE 401/402/403; 802. These statements are hearsay. See EEOC's Trial Brief re: Johnson's statements are not statements of a party-opponent. Additionally, this exhibit is barred by the Court's order prohibiting evidence that |

| | | |
|---|---|---|
| | | Johnson initially believed her non-promotion was due to race discrimination. ECF No. 60, p. 4-5. These messages are irrelevant and unfairly prejudicial. |
| 217 | Messages between Johnson and Denise Harden | FRE 401/402/403; 802. These statements are hearsay. See EEOC's Trial Brief re: Johnson's statements are not statements of a party-opponent. Also, EEOC objects to this exhibit pursuant to FRE 401/402/403 as irrelevant and unfairly prejudicial, where there is no relevant information in the exchange but both participants use profanity while discussing Johnson's intent to sue Walmart months after she quit her job there. |
| 218 | Redacted EEOC Interview Notes with Plaintiff on 4/30/2019 (EEOC_000026-28) | FRE 401/402/403; 802. This document is hearsay. See EEOC's Trial Brief re: Johnson's statements are not statements of a party-opponent. It is also irrelevant and likely to confuse the issues. See also EEOC's Objections to Def. Exhibit 208 regarding extrinsic evidence of other non-promotions not challenged in this lawsuit. Should the Court allow Walmart to refer to Johnson's allegations of race discrimination despite the Motion in Limine ruling to the contrary, EEOC also objects to the redactions of this document pursuant to FRE 106. |
| 219 | Additional redacted EEOC Interview Notes with Plaintiff (EEOC_000250-251) | FRE 401/402/403; 802. This document is hearsay. See EEOC's Trial Brief re: Johnson's statements are not statements of a party-opponent. It is also irrelevant and likely to confuse the issues. Further, portions of this exhibit are barred by the Court's order prohibiting evidence that Johnson initially believed her non-promotion was due to race discrimination, such as "[Johnson] feels that she was not selected because of her race" and the statement that the selectee was "white." ECF No. 60, p. 4-5. See also EEOC's Objections to Def. Exhibit 208 regarding extrinsic evidence of other non-promotions not challenged in this lawsuit. Should the Court allow Walmart to refer to Johnson's allegations of race discrimination despite the Motion in Limine ruling to the contrary, EEOC also objects to the redactions of this document pursuant to FRE 106. |
| 224 | Terri Wiggins's employment history (WM_Johnson_0001286) | See EEOC's Objections to Def. Exhibit 208 regarding extrinsic evidence of other non-promotions not challenged in this lawsuit. |
| 230 | Success and Requisition Data for Pharmacy Department Manager Position Filled by T. Wiggins (WM_Johnson_0002183) | See EEOC's Objections to Def. Exhibit 208 regarding extrinsic evidence of other non-promotions not challenged in this lawsuit. |

| | | |
|---|---|---|
| 231 | Hiring Data for All Applicants for Pharmacy Department Manager Position (WM_Johnson_0002184) | See EEOC's Objections to Def. Exhibit 208 regarding extrinsic evidence of other non-promotions not challenged in this lawsuit. |
| 232 | Hiring Data for All Applicants for Other Positions Hired by P. Hemsley (WM_Johnson_0002185) | FRE 401/402/403. This information about the hiring process for other positions that are not at issue in this lawsuit is irrelevant and likely to lead to confusion of the issues. |
| 233 | Requisition Details for Two Department Manager Positions at Issue (EEOC_0000255) | See EEOC's Objections to Def. Exhibit 208 regarding extrinsic evidence of other non-promotions not challenged in this lawsuit. |
| 234 | Plaintiff's Answers and Objections to Defendants' First Set of Interrogatories (redacted) | FRE 401/402/403. EEOC objects to the inclusion of EEOC's Response to Interrogatories 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, and 19. EEOC's Responses to Interrogatories 4, 5, 7, 8, 11, 12, 13, and 19 contain no factual information and are irrelevant and likely to lead to confusion. The Response to Interrogatory No. 6, which contains only a legal discussion of the discoverability of medical records, is also irrelevant, unfairly prejudicial, confusing, and misleading. EEOC's Response to Interrogatory 10 contains a reference to Title VII's statutory caps which cannot be shared with the jury. EEOC objects to the inclusion of EEOC's Responses to Interrogatories 2 & 3, which go to mitigation, as an issue that should be decided by the Court (See FN 1). |
| 235 | Plaintiff's Responses to Defendants' Request for Admissions (redacted) | Request for Admission 6 is barred by the Court's Order on the Motions in Limine barring references to race discrimination. ECF No. 60, pp. 4-5. |

    C. Parties want to introduce into evidence the following exhibits to which an opposing party will object on the grounds noted.  It is further agreed that any exhibit listed in this paragraph may be used by any other party provided that party establishes the exhibit is otherwise admissible.

        1. Plaintiff's Exhibits

| | | |
|---|---|---|
| 27 | WM_Johnson_0002040-44 Interview Builder | Relevancy, Rule 401-403 as prejudice and confusion outweighs any probative value; materiality, cumulative; Hearsay. |
| 28 | WM_Johnson_0001768-70 Records Management Policy | Relevance; Materiality; Rules 401-403, Unduly Prejudicial, Foundation; Hearsay |

| 29 | WM_Johnson_0001783 Records Retention Schedule | Relevance; Materiality, Rules 401-403, Unduly Prejudicial, Hearsay; Foundation |

    2. Defendant's Exhibits

None.

    **III.**     **WITNESSES:**  The parties intend to call the following witnesses at trial:

    A. Plaintiff's Witnesses:

    1. Tiffanee Johnson (will call)

Ms. Johnson will testify about her employment with Walmart, Walmart's business, policies, processes, and procedures, her application to be promoted to the Consumables Department Manager position, the application process, and the comments Hemsley and Mouton made about not promoting her to the position. She will also testify about matters related to damages, including emotional pain, suffering, inconvenience, mental anguish, and the like that she suffered as a result of not getting promoted to the department manager position.

    2. Patricia Hemsley (will call)

Ms. Hemsley was the Co-Manager who approved hiring Abigail Hunt instead of Ms. Johnson for the Consumables Department Manager position. Ms. Hemsley will testify about her and Ms. Johnson's employment with Walmart. Ms. Hemsley will testify about Walmart's business, policies, processes, and procedures. Ms. Hemsley will testify about the application, interview, and overall hiring process at Walmart, including for this position. Ms. Hemsley will also testify concerning other manager positions for which she was a decision maker.

    3. Kendra Mouton (will call)

Ms. Mouton was the Assistant Manager involved in the decision to hire Abigail Hunt instead of Ms. Johnson for the Consumables Department Manager position. Ms. Mouton will testify about her and Ms. Johnson's employment with Walmart. Ms. Mouton will testify about Walmart's business, policies, processes, and procedures. Ms. Mouton will testify about the application, interview, and overall hiring process at Walmart, including for the Consumables Department Manager position.

    4. Samantha Finn (may call)

Ms. Finn is a former Assistant Manager for Walmart who worked with Ms. Johnson and served as her mentor. Ms. Finn will testify about Walmart's

business, policies, processes, and procedures. Ms. Finn will testify about her working relationship with Ms. Johnson and Ms. Johnson's interest in and suitability for a department manager position.

5. Lisa Elrod (may call)

Ms. Elrod was the Personnel Coordinator for the relevant store when Ms. Johnson applied to be the Consumables Department Manager. Ms. Elrod will testify about Walmart's business, policies, processes, and procedures. Ms. Elrod will testify about Walmart's policies and procedures for hiring or promoting persons to manager positions.

6. Defendant, through the following testimony from its Rule 30(b)(6) deposition[4] (will call):
   a. 22:3-11
   b. 23:2-20
   c. 25:22-26:17
   d. 27:13-19
   e. 29:3-30:9
   f. 30:16-31:9
   g. 34:5-36:22
   h. 37:5-37:17
   i. 38:11-38:14
   j. 40:5-41:20
   k. 43:4-47:10 (except 45:14 & 47:7-8)
   l. 48:22-49:7

B. Defendants' witnesses:

1. Kendra Mouton, Oskaloosa, Iowa (will call)

   Ms. Mouton was the Assistant Manager at Ottumwa and will testify regarding her job duties and job history at Walmart. She will testify about having had a baby herself shortly before Ms. Johnson. She will explain that she encouraged Ms. Johnson to apply for the Consumables Department Manager position. Ms. Mouton will explain the hiring and interview process at Walmart that she followed and some of Walmart's policies and procedures as well as the managers to whom she reported. In February of 2018, Ms. Mouton chose Ms. Johnson as one of three candidates, out of a pool of nine internal candidates, to interview and consider for the Consumables Department Manager position. Ms. Mouton

---

[4] Defendants object to the use of the deposition transcript where the 30(b)(6) witness will be present and available to testify at trial, for the reasons set forth in more detail below in footnote 5.

will explain that she had worked with Ms. Johnson before making a decision, and had several experiences with her which made her question Ms. Johnson's work ethic, productivity, and ability to manage departments. In contrast, she had worked with Hunt and found Hunt to be more productive, and she showed initiative as well as completing assigned tasks. Ms. Hunt also had supervisory experience as a GM Support Manager. Ms. Hunt had no history of discipline. Ms. Mouton will explain why she chose Ms. Hunt for the Consumables Department Manager position, that it was ultimately her choice and she chose Ms. Hunt. She will explain that she typically would review her decision with the Store Manager or Co-Manager, and ran her decision to hire Ms. Hunt by Co-Manager Hemsley and Hemsley told her that "she trusts my decision." Ms. Mouton will confirm that Ms. Hemsley did *not* tell her that she should not choose Ms. Johnson because she had small children. Ms. Mouton will testify that she did not discriminate against Ms. Johnson based on her sex in any manner. She will also testify that having small children had nothing to do with her decision, especially as she herself had small children as well.

2. Patti Hemsley, Iowa City, Iowa (will call)

   Ms. Hemsley was the Co-Manager of the Ottumwa Store at the time, and she will explain her job duties, including those in regard to hiring processes. She will explain her job history at Walmart for more than twenty years and of being promoted while having small children as a single mother and working her way up at Walmart. She will explain the management hierarchy at the Store at the time, Walmart policies and procedures, the interview and hiring process and considerations, and background information regarding individuals she knows who may be listed in applicant pools. She will confirm that it was ultimately Ms. Mouton's decision as to who to choose to promote to a Department Manager position, including the Consumables Department Manager position. She will testify that she did *not* tell Ms. Mouton that she should not choose Ms. Johnson for the promotion because Ms. Johnson had small children. Ms. Hemsley will testify that she did not discriminate against Ms. Johnson based on her sex in any manner.

3. Kristi Armatis, Ankeny, Iowa (will call)[5][6]

   Ms. Armatis is Walmart's corporate representative for trial. She will testify regarding her job history and job duties. She will testify regarding Walmart's hiring process and will discuss Walmart's applicable policies and procedures. She will describe Walmart's anti-discrimination policies and that Walmart does not tolerate discrimination.

4. Lisa Elrod, Ottumwa, Iowa (may call)

   Ms. Elrod was the Personnel Coordinator at the Ottumwa Store at the time, and she will explain her job duties, including those in regard to hiring processes. She will explain her job history at Walmart. She will explain her role at that time in the requisition, interview, and hiring process, as well as background information regarding individuals she knows who may be listed in applicant pools. She will describe Ms. Johnson's personnel documents and her discipline history at Walmart, as well as Ms. Hunt's lack of any disciplinary history.

---

[5] Because Ms. Armatis, the 30(b)(6) deponent and the corporate representative, will testify at trial, Defendants object to Plaintiff's deposition designations from her 30(b)(6) deposition. "Although Rule 32(a)(3) allows an adverse party to use a Rule 30(b)(6) witness's deposition for 'any purpose,' courts routinely limit that option when the witness is available for trial." *Wolff v. Maybach Int'l Group Inc.*, 2023 WL 6217345 (E.D.Ky. 2023); *Gardner v. Liberty Ins. Corp.*, 2023 WL 7002781 (S.D. Ohio 2023) (same and limiting use of 30(b)(6) deposition transcript where witness could testify to impeachment purposes only). Because it is the Plaintiff who designates the topics for a 30(b)(6) deposition, they do not fall under the Rule 26(a) disclosure categories/requirements if testifying within the scope of the 30(b)(6) topics designated by Plaintiff, and the witness was certainly disclosed to Plaintiff as Plaintiff deposed her. Furthermore, as the Court in *Williams v. Jackson*, 2011 WL 867528 (E.D. Ark. 2011) explained: "[D]istrict courts are reluctant to allow the reading into evidence of the rule 30(b)(6) deposition if the witness is available to testify at trial, and such exclusion is usually deemed harmless error." (*citing Brazos River Authority v. GE Ionics, Inc.,* 469 F.3d 416, 434 (5th Cir. 2006)). Accordingly, Defendants object to the reading of the deposition. If the Court allows the Plaintiff to read the deposition, Defendants counter designate the following from her deposition: 4:3-18:5, 19:11-21, 21:1-30:19, 32:5-38:10, 43:4, 48:13, 48:18-49:7; 52:24-54:12, subject to the objections therein, in addition to the written response incorporated in the deposition.

[6] Plaintiff objects to Defendant calling Ms. Armatis as a witness because she was not disclosed as a fact witness and, while the Federal Rules of Civil Procedure authorize Plaintiff to use the Rule 30(b)(6) deposition transcript of an adverse party, *see* Fed.R.Civ.P. 32(a)(3), there is no provision in the rules for a corporate entity to call its own Rule 30(b)(6) representative at trial.

5. Tiffanee Johnson (may call)

    Ms. Johnson will testify as to her job history at Walmart, her disciplinary history, and her lack of supervisory experience. She will explain her understanding of Walmart's policies and her knowledge that if she had complaints, she should report it up the chain but did not do so in regard to the promotion at issue. She will testify that Walmart granted her maternity leave and that upon her return, she applied for and received a position that she wanted on the day shift. Ms. Johnson will explain that she updated her career preferences and had to retake the requisite test for a Department Manager. She will confirm she was selected for an interview for the Consumables Department Manager position and interviewed by Ms. Mouton. She will testify that the only basis she has for claiming she should have been selected over Ms. Hunt was because she had been working at Walmart longer and thought she should get the promotion due to that reason. She will testify that she quit her job at Walmart because she had another job. She will testify regarding her EEOC Charge and charge process and submissions to the EEOC, and her messages with various friends regarding Walmart as well as the position at issue. She will testify that she did not believe that Ms. Mouton would discriminate against her. She will also confirm that she never heard any Walmart manager say anything negative about employees with small children.

6. Any witnesses listed by Plaintiff and any witnesses necessary for rebuttal or impeachment purposes (may call).

C. A party listing a witness guarantees his/her presence at trial unless the Court and opposing counsel are notified to the contrary at least seven (7) days prior to trial. All parties are free to call any witness listed by the opposing party whether they have listed them or not.

>   **The parties stipulate that EEOC will produce Ms. Johnson and serve a trial subpoena on Ms. Finn. Walmart will produce Ms. Hemsley and Ms. Elrod and Ms. Armatis and serve a trial subpoena on Ms. Mouton.**

A witness testifying by deposition must be listed with a designation that the testimony will be by deposition.

## IV. FACTUAL ISSUES

A. Plaintiff's Factual Issues:

1. Whether Walmart did not promote Ms. Johnson to the Consumables Department Manager position, at least in part, because of sex.

    2. Whether Ms. Johnson suffered emotional pain, suffering, inconvenience, mental anguish, and other such nonpecuniary losses as a result of not getting promoted and the amount of compensatory damages sufficient to compensate for the same.

    3. Whether Walmart acted with reckless indifference towards Ms. Johnson's federal protected rights, and, if so. the amount of punitive damages appropriate for the purposes of punishing the defendant for engaging in such misconduct and deterring the defendant and others from engaging in such misconduct in the future.

B. Defendants' Factual Issues:

    1. Whether Ms. Johnson's sex was a motivating factor in Walmart's decision to promote Ms. Hunt to the Consumables Department Manager position over Ms. Johnson.

    2. Whether Walmart had a legitimate nondiscriminatory reason for the promotion decision.

    3. Whether Plaintiff can prove that Walmart's reasons for choosing Ms. Hunt for the Consumables Department Manager position over Ms. Johnson was a pretext to hide sex discrimination.

    4. Whether Defendant would have made the same decision regardless of Ms. Johnson's sex.

    5. If the jury returns a verdict in favor of Plaintiff, whether Ms. Johnson suffered any damages and if so, the amount of damages to award.

    6. Whether Ms. Johnson failed to mitigate her damages.

## V. **LEGAL CONTENTIONS**

A. Plaintiff's Legal Contentions:

    1. Walmart violated Section 703 of Title VII of the Civil Rights Act of 1964 when it (1) did not promote Ms. Johnson to the Consumables Department Manager position in February 2018 and did so (2) because of sex.

    2. The EEOC is entitled to the following damages:

        a. Backpay for the period March 1, 2018, to May 24, 2018,[7] plus pre-judgment interest through the date of entry of judgment. Note this is an equitable remedy for the Court and not the Jury to determine.

---

[7] The EEOC waives any claim for backpay for periods subsequent to May 24, 2018.

      b. Emotional pain, suffering, inconvenience, mental anguish, and other such nonpecuniary losses compensatory damages.

      c. Injunctive relief. Note this is an equitable remedy for the Court and not the Jury to determine.

      d. Punitive damages.

      e. Taxable costs.

3. EEOC incorporates the legal contentions raised in its Motions *in Limine*, Trial Brief, and Proposed Jury Instructions.

B. Defendants' Legal Contentions:

1. Walmart did not violate Title VII when it chose to promote Ms. Hunt instead of Ms. Johnson.

2. Walmart did not discriminate against Ms. Johnson because of her sex when it did not promote her to the Consumables Department manager position.

3. "Having small children" is not a protected class under Title VII.

4. The EEOC cannot satisfy the elements of a sex discrimination claim under a theory of either sex-plus discrimination or sex-stereotyping because it "must show that [Ms. Johnson's] employer treated her unfavorably relative to a male employee who also shares the 'plus-' characteristic.…" *Malark v. RBC Capital Markets, LLC,* 2020 WL 6064508 at *11 (D. Minn. 2020) (emphasis added) (*citing Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1047 (10th Cir. 2020)). The EEOC has no evidence that any male employee with small children was treated more favorably than Ms. Johnson.

5. The EEOC is not entitled to the relief sought in the Complaint, including injunctive relief.

6. Walmart did not act with malice or reckless indifference toward Ms. Johnson and thus no punitive damages instruction should be given.

7. The imposition of punitive or liquidated damages would violate the United States Constitution and Iowa Constitution because: (1) the standard of liability for liquidated or punitive damages is inadequate, unduly vague and subjective, permitting random, arbitrary, capricious, excessive and/or disproportionate punishment that serves no legitimate governmental interest; and (b) there are not adequate standards and procedures for reviewing awards of punitive damages.

8. Defendant incorporates the legal contentions set forth in its Motion in Limine, Objections to Exhibits, Proposed Jury Instructions, and the Trial Brief to be submitted to the Court.

## VI. <u>LEGAL ISSUES</u>

A. Plaintiff's Legal Issues:

1. EEOC incorporates the legal issues raised in its Motions *in Limine*, Trial Brief, and Proposed Jury Instructions.

2. Whether Ms. Johnson's testimony regarding the statements made to her by Ms. Mouton and Ms. Hemsley are hearsay. (EEOC contends that it is not hearsay; this issue was briefed in the summary judgment papers. See ECF No. 37, pp. 16-17.).

B. Defendants' Legal Issues:

1. Evidentiary and legal issues set forth in the pending Motions in Limine.

2. Evidentiary legal issues set forth in the pending objections to exhibits.

3. The legal issues discussed in Walmart's Trial Brief.

4. The legal issues raised in the Proposed Jury Instructions.

5. Whether Ms. Johnson's testimony regarding what she claims Ms. Hemsley told Ms. Mouton, which is disputed by both Ms. Hemsley and Ms. Mouton, is inadmissible hearsay. *See* Defendant's Brief, Filing No. 33-1 at pp. 11-13.

5. Whether Walmart is entitled to judgment as a matter of law or a directed verdict.

6. Whether Plaintiff fails to state a claim upon which relief can be granted.

7. Whether a punitive damages instruction is warranted.

8. Whether Defendants have made good faith efforts to prevent discrimination in their workplace and cannot be liable for decisions of its agents, if any, or for punitive damages or liquidated damages, to the extent the challenged employment decision was contrary to its good faith efforts to comply with anti-discrimination statutes.

Dated: December 21, 2023						Respectfully submitted,

						*s/ Elizabeth B. Banaszak*
						Elizabeth B. Banaszak
						Miles Shultz
						Trial Attorneys
						U.S. Equal Employment
						 Opportunity Commission
						230 S. Dearborn St., Suite 2920
						Chicago, IL  60604
						Telephone: (312) 872-9676
						elizabeth.banaszak@eeoc.gov

						 *s/ Heidi A. Guttau*
						 Heidi A. Guttau
						 Attorney for Defendants
						 Baird Holm LLP
						 1700 Farnam Street
						 Suite 1500
						 Omaha, NE 68102-2068
						 *Telephone:* (402) 636-8212
						 *E-mail:* hguttau@bairdholm.com

**CERTIFICATE OF SERVICE**

I, Elizabeth Banaszak, certify that on December 21, 2023, I filed the foregoing document via ECF which will send notification of such filing via e-mail to all counsel of record.

						*s/ Elizabeth B. Banaszak*
						Elizabeth B. Banaszak
						Counsel for Plaintiff EEOC