IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br>vs.<br><br>WALMART INC. and WAL-MART STORES EAST, LP,<br><br>Defendant. | NO. 4:22-CV-00037-SMR-SBJ<br><br>Judge Stephanie M. Rose<br>Magistrate Judge Stephen B. Jackson, Jr. |

## PLAINTIFF'S SUPPLEMENTAL TRIAL BRIEF

Pursuant to the Court's December 15, 2023 Minute Order (Dkt. 68), Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") hereby submits its supplemental trial brief addressing the following issues:

1. Whether the EEOC can use Walmart's 30(b)(6) deposition testimony at trial, whether or not the designee who gave that testimony is available at trial.

2. Whether Walmart's 30(b)(6) designee can testify for Walmart at trial.

3. Whether Walmart can counter-designate deposition testimony of its 30(b)(6) witness for use at trial.

### A. THE EEOC CAN USE 30(b)(6) DEPOSITION TESTIMONY OF WALMART WHETHER OR NOT THE DESIGNEE IS AVAILABLE AT TRIAL

Consistent with the Federal Rules of Civil Procedure, as well as case law both within and outside of the Eighth Circuit, at trial the EEOC should be permitted to present deposition testimony Walmart gave through its Fed. R. Civ P. 30(b)(6) designee, regardless of whether the designee — Kristi Armatis — is available for trial.

Under Federal Rule of Civil Procedure 32(a)(3), "an *adverse* party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director,

1

managing agent, or designee under Rule 30(b)(6) . . ..." (emphasis added). Consistent with Rule 32(a)(3), courts routinely permit an adverse party to use Rule 30(b)(6) deposition testimony at trial – regardless of the availability of the designee who gave it. *See e.g., Hopman v. Union Pacific Railroad*, No. 4:18-cv-00074, 2021 WL 2694236 (E.D. Ark. June 30, 2021) ("Pursuant to Fed. R. Civ. P. 32(a)(3), the Court will permit [plaintiff] to present [defendant's 30(b)(6)] video deposition for any purpose at trial" despite witness' availability to appear live); *Estate of Thompson v. Kawasaki Heavy Industries, Ltd.*, 291 F.R.D. 297, 305 (N.D. Iowa 2013) ("Rule 32(a)(3), by its plain terms, appears to foreclose Kawasaki's attempts to preclude the use of Rule 30(b)(6) deposition testimony at trial, simply because the deponent will be available to testify live, because Rule 32(a)(3) expressly authorizes the use of a Rule 30(b)(6) deposition "for any purpose.""); *SanDisk Corp. v. Kingston Tech. Co., Inc.*, 863 F.Supp.2d 815-817 (W.D. Wis. 2012) (overruling objections to the submission of deposition testimony of available witnesses because "these individuals were officers and designees under Fed. R. Civ. P. 30(b)(6), which means that under Rule 32(a)(3) an adverse party may use their deposition testimony for any purpose, regardless of their availability.").

While deposition testimony is normally hearsay, Fed. R. Civ. P. 32(a)(3) provides a hearsay exception for adverse parties. *See, e.g.*, *Estate of Thompson,* 291 F.R.D. at 306 ("Because Rule 32(a) specifically governs the use of depositions at trial . . ., courts have concluded that it provides a 'freestanding' hearsay exception for use of the deponent's out-of-court statements."), *citing Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 914-915 (9th Cir. 2008); *Ueland v. United States*, 291 F.3d 993, 996 (7th Cir. 2002) (same); *Angelo v. Armstrong World Indus., Inc.* 11 F.3d 957, 962-63 (10th Cir. 1993); *United States v. Vespe*, 868 F.2d 1328, 1339 (3d Cir. 1989). As explained in *Estate of Thompson,* this is so because under Fed. R. Ev.

802, hearsay is admissible where allowed by the Federal Rules of Evidence, or by other rules prescribed by an Act of Congress or the Supreme Court and the advisory committee notes to Rule 802 identify Fed. R. Civ. P. 32(a) as one of those "other rules." 291 F.R.D. at 306.

While the Eighth Circuit has not addressed specifically an adverse party's use of 30(b)(6) deposition testimony at trial whether or not the designee is available, in applying Fed. R. Civ. P. 32(a)(3), in *Crimm v. Missouri Pacific R. Co.*, 750 F.2d 703, 708 (8th Cir. 1984), the court held that a trial court erred in prohibiting the adverse party from using a managing agent's deposition because the managing agent was available at trial. Given that the use of a managing agent's deposition and a 30(b)(6) deposition are both governed by Rule 32(a)(3), *Crimm* is instructive here.

As the above discussion makes clear, Walmart's objection to the EEOC using the 30(b)(6) deposition testimony of Walmart at trial should be overruled.[1] Additionally, as discussed below, although Walmart asserts that its designee will be available at trial, she should be barred from testifying at trial in either her corporate or personal capacity.

### B. KRISTI ARMATIS IS PROHIBITED FROM TESTIFYING FOR DEFENDANT IN EITHER HER CORPORATE OR PERSONAL CAPACITY

The Rules of Evidence prohibit Armatis from testifying for Walmart as a corporate representative on matters outside of her personal knowledge. Additionally, because Walmart never disclosed Armatis as a fact witness, she cannot testify based on personal knowledge either.

---

[1] In footnote 5 of the Revised Proposed Final Pretrial Order (ECF No. 71, p. 12), defendant cites a 2011 case from the Eastern District of Arkansas (*Williams v. Jackson*, 2011 WL 867528 (E.D. Ark. 2011)) in support of its argument that a court may prohibit an adverse party from using 30(b)(6) deposition testimony at trial when the witness is available to appear live. This case is against the weight of authority and contrary to more recent district court cases in the Eighth Circuit.

### 1. Armatis cannot testify as a corporate representative

In the Proposed Final Pretrial Order, Defendant states that Armatis will appear as its corporate representative for trial, testifying about Walmart's hiring process, applicable policies and procedures, and Walmart's alleged practice of not tolerating discrimination. (ECF No, 71, p. 12). Such testimony is not permitted.

While an *adverse* party can introduce 30(b)(6) testimony a trial, a 30(b)(6) corporate representative cannot testify at trial in their corporate capacity in support of their own organization. Rather, pursuant to Rule 602 of the Federal Rules of Evidence, they can only testify to matters within their personal knowledge, unless the testimony falls within one of the hearsay exceptions. *See McGriff Insurance Services, Inc. v. Madigan*, No. 5:22-CV-5080, 2022 WL 16709050, at * 1-2 (W.D. Ark. Nov. 4, 2022) (a party's 30(b)(6) designee cannot give live testimony outside their personal knowledge, nor may a party admit into evidence deposition designations of its own 30(b)(6) witness); *In re RFC and RESCAP Liquidating Trust Action*, No. 13-cv-3451 and 16-cv-4070, 2020 WL 504661, at * 6 (D. Minn. Jan. 31, 2020) (same); *AngioDynamics, Inc. v. C.R. Bard, Inc.*, No. 17 cv 598, 2022 WL 433555 (N.D.N.Y. September 19, 2022) (same); *Plexxikon Inc. v. Novartis Pharmaceuticals Corp.,* No. 17-cv-04405, 2021 WL 2255885 (N.D. Cal. June 3, 2021) (same); *L-3 Commc'ns Corp. v. OSI Sys. Inc.,* No. 02-cv-9144, 2006 WL 988143, at * 2 (S.D.N.Y. Apr. 13, 2006) (*same); Union Pump Co. v. Cetrifugal Tech. Inc.* 404 Fed. Appx. 899, 907-08 (5th Cir. 2010) (same); *Sabre Int'l Sec. v. Torres Advanced Enter Sols., LLC*, 72 F. Supp. 3d 131, 146 (D.D.C. 2014) (same).

This is so because testimony of a party's 30(b)(6) designee regarding matters outside of their personal knowledge but within the corporation's collective knowledge is hearsay and no hearsay exception exists that allows a witness to testify to the "collective knowledge" he or she

gained while preparing for their 30(b)(6) deposition. *See Union Pump Co. v. Cetrifugal Tech. Inc.* 404 Fed. Appx. at 908 (such testimony "is hearsay not falling within one of the authorized exceptions"); *AngioDynamics, Inc. v. C.R. Bard, Inc.*, No. 17 cv 598, 2022 WL 433555, at * 2 (allowing such testimony would be a "circumvention of the rule against hearsay.").

### 2. Armatis cannot testify in her personal capacity

Armatis cannot testify for Walmart in her personal capacity, either, because Walmart never disclosed her as a fact witness and Walmart's failure to disclose her was neither justified nor harmless.

Federal Rule of Civil Procedure 37(c)(a) provides that "If a party fails to . . . identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Here, it is beyond dispute that Walmart failed to disclose Armatis as a fact witness. Not only did Walmart fail to formally disclose Armatis as a fact witness in its Rule 26(a) initial disclosures or supplemental initial disclosures, but it also never identified her as a person with knowledge of the allegations or defenses in this case in response to EEOC Interrogatory No. 1 seeking the identification of all such persons. And the fact that she served as Walmart's 30(b)(6) representative does not serve as adequate disclosure of Armatis as a fact witness in her personal capacity. *See Baird v. Blackrock Inst. Trust Co.*, 330 F.R.D. 241, 245-46 (N.D. Cal. 2019).

Walmart's failure to disclose Armatis in her individual capacity is neither justified nor harmless. Walmart has provided no justification for its failure to disclose Armatis as a fact witness until the eve of trial and there is no doubt that the EEOC would be prejudiced if Armatis is allowed to testify as trial starts in just over two weeks leaving no time for the EEOC to depose Armatis and prepare for trial. There is no question that had Armatis been disclosed in a timely manner, the

EEOC would have taken her deposition, as it deposed every witness that Walmart properly disclosed or identified as a person with knowledge. Such prejudice and failure to cure are factors courts consider in determining whether a Rule 26 violation is justified or harmless. *See Rodrick v. Wal-Mart Stores East, L.P.,* 666 F.3d 1093, 1096-97 (8th Cir. 2012) (citations omitted). Under these circumstances, Armatis should not be permitted to testify in her personal capacity.

### C. PORTIONS OF DEFENDANT'S COUNTER-DESIGNATIONS SHOULD BE EXCLUDED AS HEARSAY

Walmart has counter-designated portions of its own Rule 30(b)(6) testimony. ECF No. 71, p. 12, fn. 5. Just as a party's 30(b)(6) witness cannot testify at trial in support of their own organization, a party may not use at trial deposition testimony of its own 30(b)(6) witness, as such testimony is also hearsay. *See, e.g. McGriff,* 2022 WL 1670950, at * 1-2; *Chevron Mining, Inc. v. United States*, No. 113-cv-00328, 2021 WL 5742987, at * 1 (D.N.M. Dec. 2, 2021).

Walmart may argue, however, that pursuant to Federal Rule of Evidence 106, their counter-designations are necessary to complete or put in context EEOC's designations. Rule 106 provides that "[i]f a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part – or any other statement – that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." *See also Chevron Mining, Inc.*, 2021 WL 5742987, at * 1 (where one party offers part of a Rule 30(b)(6) deposition into evidence, the other party may require the offeror to introduce other parts which in fairness should be considered with the part introduced). The main purpose of the rule is to avoid testimony that presents evidence out of context or leads to misinterpretation of the evidence by the trier of fact. See 8A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2148 (3d ed.) ("The rule provides a method for averting, so far as possible, any misimpressions from selective use of deposition testimony") (citations omitted). As the Committee Notes to the

6

rule make clear, Rule 106 "does not give a green light of admissibility to all excised portions of statements. It does not change the basic rule, which applies only to the narrow circumstances in which a party has created a misimpression about the statement, and the adverse party proffers a statement that in fact corrects the misimpression." Advisory Committee Notes, Fed. R. Evid. 106.

Many of Walmart's proposed counter-designations, which in one instance consists of fourteen pages of additional testimony, should not be admitted into evidence because the EEOC's designations do not create a misimpression and many of Walmart's proposed counter-designations are wholly unrelated to the EEOC's designations.

Specifically, the following proposed counter-designations are unrelated to the EEOC's designations and/or are not needed for completeness or context: 4:3-18:5; 19:11-19:21; 21:1-10; 23:21-25:21; 27:20-29:2; 30:10-30:15; 32:5-34:4; 36:23-37:4; 48:13; 48:18-21; and 52:24-54:12. They should be excluded as hearsay pursuant to Rule 802, as irrelevant pursuant to Rule 402, and as likely to result in confusion of the issues and a waste of time pursuant to Rule 403.

Further, the following counter-designations overlap completely with the EEOC's designations so obviously are not needed for completeness or context: 22:3-11; 23:2-20; 25:22-26:17; 27:13-19; 29:3-30:9; 30:16-19; 34:5-36:22; 37:5-17; 43:4; 48:22-49:7.

The EEOC does not object to the following counter-designations if Walmart argues that they provide necessary for completeness or context: 21:11-22:2; 22:12-23:1; 26:18-27:12; and 37:18-38:10.

## CONCLUSION

For the foregoing reasons, the EEOC should be permitted to use Walmart's 30(b)(6) deposition at trial, Walmart's 30(b)(6) designee should be precluded from testifying for Walmart at trial and certain of Walmart's proposed counter-designations should not be permitted.

7

Dated: December 22, 2023						Respectfully submitted,

								*s/ Elizabeth B. Banaszak*
								Elizabeth B. Banaszak
								Trial Attorney
								Justin Mulaire
								Assistant Regional Attorney
								U.S. Equal Employment
								 Opportunity Commission
								230 S. Dearborn St., Suite 2920
								Chicago, IL  60604
								Telephone: (312) 872-9676
								elizabeth.banaszak@eeoc.gov

**CERTIFICATE OF SERVICE**

I, Elizabeth Banaszak, certify that on December 22, 2023, I filed the foregoing document via ECF which will send notification of such filing via e-mail to all counsel of record.

								*s/ Elizabeth B. Banaszak*
								Elizabeth B. Banaszak
								Counsel for Plaintiff EEOC