# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA, CENTRAL DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., AND WAL-MART STORES EAST, LP<br>Defendants. | NO.4:22-cv-00037-SMR-SBJ |

## CONSENT DECREE

## THE LITIGATION

1.  Plaintiff Equal Employment Opportunity Commission (the "EEOC") filed this action alleging that Defendants, Wal-Mart Stores, Inc., and Wal-Mart Stores East, LP, (collectively, "Defendant" or "Walmart"), violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), by discriminating on the basis of sex against Charging Party Tiffanee Johnson ( "Charging Party" or "Johnson"). The EEOC alleged that Walmart failed to promote Ms. Johnson because of sex, specifically her recent childbirth and/or based on stereotypes about women with small children at home.

2.  Walmart filed an answer denying the allegations. Each party agrees that this Decree is not an admission of liability on the claims or defenses of the other party.

3.  In the interest of resolving these matters, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that these actions should be finally resolved by entry of this Consent Decree (hereafter "Decree").

## FINDINGS

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

4. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

    a. This Court has jurisdiction of the subject matter of these actions and of the parties;

    b. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of EEOC, Defendant, the Charging Party, the claimants, and the public interest are adequately protected by this Decree; and

    c. This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties, the Charging Parties, the claimants, and the public.

## INJUNCTION

5. Defendant, its officers, agents, employees, successors, assigns and all persons acting in concert with it are enjoined from considering sex, including sex-based stereotypes, as a factor when making any promotion decision in its Ottumwa, Iowa store #1285.

6. Defendant, its officers, agents, employees, successors, assigns and all persons acting in concert with them are enjoined from engaging in any form of retaliation in any form, against any person in its Ottumwa, Iowa store #1285 because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, asserted any rights under this Decree, or benefitted from the relief provided by this Decree.

## MONETARY RELIEF

7. Within thirty (30) days of Walmart's receipt of the following: (1) approval and entry of this Decree by the District Court, (2) a copy of the release agreement attached hereto as

Exhibit A executed by Tiffanee Johnson, and (3) Tiffanee Johnson's complete and accurate W-4 and W-9 tax forms, Walmart shall pay Charging Party the gross sum of $60,000.

    a. $30,000 will be paid to Tiffanee Johnson via check and shall constitute back pay, which will be subject to all applicable state and federal taxes and withholdings for which a W-2 will be issued; and

    b. $30,000 will be paid to Tiffanee Johnson via check and shall constitute compensatory damages for which a 1099 will be issued.

Within thirty (30) days of the entry of this Decree and receipt by Walmart of all of the documents enumerated above in paragraph 7, Walmart shall issue payment to Johnson either via Certified Mail or another delivery service that provides delivery tracking and confirmation, using a mailing address specified by the EEOC. Walmart agrees to submit contemporaneous verification of the payment to the EEOC.

## NOTICE OF CONSENT DECREE

8. Within thirty (30) days after entry of this Decree, Walmart shall post a copy of the Notice attached as Exhibit B to this Decree in the breakroom its Ottumwa, Iowa store #1285. Such copy shall remain posted during the Term of this Decree (see paragraph 17, below). Walmart shall take all reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material. Walmart shall certify to the EEOC in writing within thirty (30) days after entry of the Decree that the Notice has been properly posted.

## POLICY AGAINST DISCRIMINATION

9. Defendant shall maintain throughout the Term of this Decree, its current Global Harassment and Discrimination Prevention Policy ("Policy").

## **RECORDKEEPING AND REPORTING**

10.     During the Term of this Decree, Walmart shall maintain and make available for inspection and copying by the EEOC written records of every complaint or report (oral or written, formal or informal, internal or external) by any employee in its Ottumwa, Iowa store #1285 of employment discrimination or retaliation prohibited by Paragraphs 5-6 of this Decree, to the extent such complaint or report is known to a management employee of Walmart and recorded within Walmart's ethics reporting system. If the EEOC believes that a complaint or report of discrimination or retaliation was not recorded within Walmart's ethics reporting system and not reported to the EEOC pursuant to this Paragraph, but if the complaint or report otherwise was within the scope of this Paragraph, the EEOC shall notify Walmart pursuant to Paragraph 15, and the provisions of Paragraphs 15 & 16 shall apply. For each such complaint or report, such records shall include: (a) the name of the employee who made the complaint or report and that employee's address and telephone number; (b) the date of the complaint or report; (c) a written description of what was alleged in the complaint or report; (d) any written statements collected or interview notes created during the investigation of the complaint or report; (e) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, Walmart took; and (f) if the complaint or report was made in written form, a copy thereof.

11.     Walmart shall require personnel within its employ, upon request by the EEOC pursuant to Paragraph 24, to cooperate reasonably with and to be interviewed by the EEOC for purposes of verifying compliance with this Decree.

12.     Defendants shall furnish to the EEOC the following written reports semi-annually ("Semi-Annual Report") during the Term of this Decree. The first Semi-Annual Report shall be

due six (6) months after entry of the Decree. Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that the final Semi-Annual Report shall be due thirty (30) calendar days prior to the expiration of the Decree. Each such Semi-Annual Report shall contain:

   a. Copies of all records described in Paragraph 10, above, for the six (6) month period preceding the Semi-Annual Report or a certification by Walmart that no complaints or reports of discrimination were received during that period from any employee at its Ottumwa, Iowa store #1285; and

   b. A certification by Walmart that the Notice required to be posted pursuant to Paragraph 8 of the Decree remained posted in the manner required during the entire six (6) month period preceding the Semi-Annual Report.

## **TRAINING**

13. Within ninety (90) days of the entry of this Decree Walmart will provide training to all salaried management employees at its Ottumwa, Iowa store #1285 on federal laws prohibiting discrimination in employment, including discrimination on the basis of sex, as well as training on Walmart's antidiscrimination Policy and such trainees' responsibilities thereunder. Walmart shall provide the training plan which the EEOC has reviewed prior to the execution of this Decree. Newly-hired or promoted salaried management employees in its Ottumwa, Iowa store #1285 will be given the training within sixty (60) calendar days after starting in the position.

14. Walmart shall certify to the EEOC in writing within thirty (30) days after each training has occurred that the required training has taken place. Such certification shall include:

a. a copy of the registry of attendance, which shall include the name and position of each person in attendance and the date training was taken; and

b. a copy of materials, if any, used in the training that were not previously provided to the EEOC pursuant to this Decree.

## DISPUTE RESOLUTION

15. If the EEOC, during the term of this Decree, believes that Defendant has failed to comply with any provision(s) of the Decree, the EEOC shall notify Defendant of the alleged noncompliance in writing and shall afford Defendant 30 calendar days to remedy the alleged noncompliance or satisfy the EEOC that Defendant had complied. If within 30 calendar days Defendant has not remedied the alleged noncompliance or satisfied the EEOC that it has complied, the EEOC may apply to the Court for relief, including requesting modification of this Decree or any other relief that the Court determines to be appropriate.

16. In resolving any dispute about Defendant's alleged noncompliance with any provision of this Decree, the Court shall have available to it all equitable remedies which come within the Court's inherent authority, including, but not limited to, extension of any or all terms of the Decree and/or imposing a monetary sanction for noncompliance.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

17. All provisions of this Decree shall be in effect (and no party shall dispute that the Court retains jurisdiction of this matter to enforce this Decree) for a period of fifteen (15) months immediately following entry of the Decree ("Term of the Decree"), provided, however, that if, at the end of that period, any disputes under Paragraph 15, above, remain unresolved, the Term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter for the sole purpose of enforcement of the Decree) until such time as all such disputes under Paragraph 15, above, have been resolved.

## MISCELLANEOUS PROVISIONS

18. Each party to this Decree shall bear its own expenses, costs, and attorneys' fees.

19. Defendant agrees that the receipt of monetary relief under this Decree shall not be conditioned on any matter not expressly set forth in this Decree. In particular, monetary relief is not conditioned on the agreement of the Charging Party to: (a) maintain as confidential the facts and/or allegations underlying the charge, her complaints, or the terms of this Decree; (b) waive any statutory rights to file any future charge with any governmental agency; (c) refrain from reapplying for a job with Defendant or any successor of Defendant; or (d) agree to a non-disparagement and/or confidentiality agreement.

20. The terms of this Decree shall be binding upon the present and future representatives, agents, directors, officers, assigns, and successors of the Defendant. Defendant will provide a copy of this Decree to any organization which proposes to acquire or merge with Defendant prior to the effectiveness of any such acquisition or merger. In the event that Defendant is acquired by, or merges with, another organization, Defendant shall notify the EEOC of this fact, in writing, within 30 days after such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any findings by the Court or contempt for a violation of this Decree.

21. When this Decree requires a certification by Defendant of any fact(s), such certification shall be made by counsel of record for Defendant and identify the source(s) of information relied upon.

22. The EEOC may be required to report the fact of this settlement to the Internal Revenue Service (IRS) under Section 162(f) and 6050X of the Internal Revenue Code, which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the IRS.

    a)       The Defendant's EIN is: 71-0415188.

    b)       The individual to whom the EEOC should email a copy of the form 1098-F, if required to do so, is:

> Name: Heidi Guttau and Chris Hedican
>
> Email Address: hguttau@bairdholm.com; chedican@bairdholm.com.

23. When this Decree requires notifications, reports, or communications to the EEOC, they shall be made in writing and delivered by email to miles.shultz@eeoc.gov; elizabeth.banaszak@eeoc.gov; and, if requested by the EEOC, any other EEOC e-mail address specified by the EEOC.

24. When this Decree requires notifications, reports or communications to Walmart, they shall be made in writing and delivered by email to hguttau@bairdholm and chedican@bairdholm and, if requested by Walmart, such notifications, reports or communications are to be sent to any other email address and/or mailing address specified by Walmart.

25. If any provision(s) of the Decree is found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

Agreed to in form and content:

| | |
|---|---|
| For Plaintiff U.S. Equal Employment Opportunity Commission | For Defendants, Wal-Mart Stores, Inc., and Wal-Mart Stores East, LP |
| KARLA GILBRIDE<br>General Counsel | s/ Heidi A. Guttau  (with consent)<br>Heidi A. Guttau<br>Christopher R. Hedican |
| CHRISTOPHER LAGE<br>Deputy General Counsel<br>131 M. Street NE<br>Washington, DC 20507 | Attorneys for Defendants<br>Baird Holm LLP<br>1700 Farnam Street<br>Suite 1500<br>Omaha, NE 68102-2068<br>Telephone: (402) 636-8212<br>E-mail: hguttau@bairdholm.com |
| s/ Gregory M. Gochanour  (with consent)<br>Gregory M. Gochanour<br>Regional Attorney<br>230 S. Dearborn Street, Suite 2920<br>Chicago, Illinois  60604 | |

Justin Mulaire
Assistant Regional Attorney

Elizabeth B. Banaszak
Kelly Bunch
Miles Shultz
Trial Attorneys

**SO ORDERED, ADJUDGED, AND DECREED** on this 10th day of   January   2024. By the Court.

_____
The Honorable Stephanie Rose
United States District Judge

# EXHIBIT A

## RELEASE

In consideration of $60,000 to be paid to me by Walmart Inc. and Wal-Mart Stores East, LP, in connection with the resolution of *EEOC v. Walmart Inc., and Wal-Mart Stores East, LP*, I waive my right to recover for any claims of sex or race discrimination arising under Title VII of the Civil Rights Act of 1964 that I had against Walmart prior to the date of this release and that were included in the claims alleged in EEOC's complaint in *EEOC v. Walmart Inc., and Wal-Mart Stores East, LP*.

| | |
|---|---|
| Tiffanee Johnson | Date |

# EXHIBIT B

## NOTICE TO WALMART EMPLOYEES

This notice is posted pursuant to a settlement agreement called a Consent Decree entered by the federal court in the Southern District of Iowa in *EEOC v. Walmart, Inc. et al.*, Case No. 4:22-cv-00037 (S.D. Iowa) resolving litigation filed by the U.S. Equal Employment Opportunity Commission ("EEOC") against Walmart Inc. and Wal-Mart Stores East, LP (collectively "Walmart").

In the suit, EEOC alleged that Walmart violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") because of sex, specifically by failing to promote an employee due to her recent childbirth and/or based on stereotypes about women with small children at home.

To resolve the case, Walmart and EEOC have entered into a Consent Decree which provides, among other things, that:

1. Walmart will pay monetary relief to the victim of the discrimination.

2. Walmart is enjoined from considering sex, including sex-based stereotypes, as a factor when making any promotion decision.

3. Walmart will provide certain management employees training on federal laws prohibiting discrimination in employment and on Walmart's antidiscrimination Policy.

4. Walmart will provide periodic reports to the EEOC regarding Walmart's compliance with the terms of the Decree.

Walmart is enjoined from retaliating against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, asserted any rights under this Decree, or benefitted from the relief under the Consent Decree.

The EEOC enforces federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age, or disability. If you believe that you have been discriminated against, you may contact EEOC at (312) 869-8000. The EEOC charges no fees and has employees that speak Spanish and other languages other than English. To find more information on filing a charge, look here: **https://www.eeoc.gov/employees/howtofile.cfm**

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**
**This Notice must remain posted for 15 months from the date below and must not be altered, defaced or covered by any other material. Questions about this Notice or compliance with its terms may be directed to: EEOC, 230 S. Dearborn Street, Suite 2920, Chicago, IL 60604.**

|  |  |
|---|---|
| January 10, 2024 | *[signature]* |
| Date | The Honorable Stephanie Rose<br>United States District Judge |